# Exhibit A



250 Massachusetts Ave NW, Suite 400 | Washington, DC 20001

May 23, 2025

**VIA U.S. AND ELECTRONIC MAIL**

Frank LaRose
Ohio Secretary of State
180 Civic Center Dr.
Columbus, Ohio 43215
flarose@ohiosos.gov

**RE: Notice of Noncompliance with the National Voter Registration Act**

Dear Secretary LaRose,

Pursuant to 52 U.S.C. § 20510(b), we write on behalf of Red Wine & Blue, the Ohio Alliance for Retired Americans, and their members to inform you that House Bill 54 ("HB 54")—which was signed by Governor Mike DeWine on March 31, 2025 and will go into effect in relevant part on June 30, 2025—violates Sections 5 and 8 of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. §§ 20501, *et seq*. This letter serves as notice that Red Wine & Blue and the Ohio Alliance for Retired Americans will bring a lawsuit to address these violations if you do not promptly act to correct them.

I. **The proof of citizenship requirement violates Section 5 of the NVRA.**

Under current Ohio law, when an individual applies for or renews an Ohio driver's license, identification card, or similar documents, they must be "offer[ed] . . . the opportunity to register to vote or to update [their] voter registration by electronic means in conjunction with [their Bureau of Motor Vehicles] transaction[.]" Ohio Rev. Code § 3503.11(A)(1). Under HB 54, individuals will not be offered the opportunity to register to vote or to update their voter registration unless they first "present[] proof of United States citizenship . . . or ha[ve] previously presented proof of United States citizenship to the registrar or any deputy registrar." This proof-of-citizenship requirement violates the NVRA and is unlawful.

The NVRA requires states—including Ohio—to offer citizens the opportunity to register to vote when they apply for (or apply to renew) a driver's license or other identification document at a State motor vehicle authority. 52 U.S.C. § 20504(a)(1). Section 5 of the NVRA provides that voter registration applications offered at State motor vehicle authorities "may require only the minimum information necessary to . . . enable state election officials to assess applicants' eligibility." 52 U.S.C. § 20504(c)(2)(B)(ii).

1



250 Massachusetts Ave NW, Suite 400  |  Washington, DC 20001

HB 54's requirement that voters produce proof of citizenship before being offered the opportunity to register to vote violates this law because it is not "necessary" to assess prospective voters' eligibility through the presentation of "proof" of citizenship. The NVRA requires prospective voters to attest that they are U.S. citizens and to sign the attestation under penalty of perjury, *see* 52 U.S.C. § 20504(c)(2)(C), and that attestation requirement is sufficient to assess an individual's eligibility to vote.

Ohio has not—and cannot—establish that the attestation requirement is inadequate to ensure that only citizens vote. *See Fish v. Kobach*, 840 F.3d 710, 737, 739 (10th Cir. 2016) (finding that Congress made the attestation requirement the "presumptive minimum amount of information necessary for a state to carry out its eligibility assessment," and that to rebut that presumption, a state would have to show that "a substantial number of noncitizens had successfully registered" despite that requirement). Accordingly, HB 54's proof-of-citizenship requirement violates Section 5 of the NVRA.

II. **The proof-of-citizenship requirement violates Section 8 of the NVRA.**

Section 8 of the NVRA sets forth additional requirements that States must follow when administering voter registration for federal elections. Its first and most basic requirement is that States "ensure that any eligible applicant is registered to vote in an election" within a certain timeframe, depending on how they submitted their application. 52 U.S.C. § 20507(a)(1).

For the reasons described above, States cannot require voter registration applicants to submit proof of citizenship to prove their eligibility to vote; the attestation requirement is sufficient for that purpose. Thus, the failure to register any other eligible applicant simply because the applicant did not submit proof of citizenship is a violation of Section 8.

Section 8 also requires that any State program to protect election integrity must be "uniform" and "nondiscriminatory." 52 U.S.C. § 20507(b)(1). But HB 54 provides no guidance to the registrar, deputy registrars, or the public about what documents suffice to prove citizenship. Without this guidance, it is impossible for Bureau of Motor Vehicle officials to administer the proof-of-citizenship requirement in a "uniform" way. This unfettered discretion also makes discriminatory enforcement likely.

\*     \*     \*

The Secretary of State is the chief election officer of the state, Ohio Rev. Code § 3501.04, and is therefore responsible for ensuring Ohio's compliance with the NVRA. *See* 52 U.S.C. § 20509. As described above, HB 54 violates Sections 5 and 8 of the NVRA. Therefore, Red Wine & Blue and the Ohio Alliance for Retired Americans request:



250 Massachusetts Ave NW, Suite 400 | Washington, DC 20001

(1) That Ohio immediately remedy the identified violations of the NVRA and provide written confirmation that Ohio will not condition the opportunity to register or renew voter registration on proof of citizenship when applying for or renewing an Ohio driver's license, identification card, or similar document.

(2) That you produce all documents and records concerning any activities Ohio has undertaken to effectuate the proof-of-citizenship requirement in HB 54, including but not limited to instructions provided to deputy registrars.

(3) That you produce the number of voters who (a) are currently registered to vote in Ohio and (b) have never provided the Bureau of Motor Vehicles their proof of citizenship.

Red Wine & Blue and the Ohio Alliance for Retired Americans request that you make the records listed above available as quickly as possible and that you immediately remedy your violations of the NVRA. If not, this letter constitutes written notice, as required by 52 U.S.C. § 20510(b), that if you fail to correct these violations within 90 days, Red Wine & Blue and the Ohio Alliance for Retired Americans intend to bring a lawsuit in federal court to remedy these violations and to seek reasonable attorney's fees, including litigation expenses and costs.

    Sincerely,

    /s/ *Jyoti Jasrasaria*
    Jyoti Jasrasaria
    **JASRASARIA LAW LLC**
    341 S. 3rd St. Suite 300
    Columbus, OH 43215
    jyoti@jasrasarialaw.com
    Tel: (614) 503-7131

    Ben Stafford
    Joshua Abbuhl
    Qizhou Ge
    **ELIAS LAW GROUP LLP**
    250 Massachusetts Avenue NW, Suite 400
    Washington, D.C. 20002
    bstafford@elias.law
    jabbuhl@elias.law
    age@elias.law
    Tel: (202) 968-4652

    *Counsel for Red Wine & Blue and the Ohio Alliance for Retired Americans*



**250 Massachusetts Ave NW, Suite 400  |  Washington, DC 20001**

CC:    Larry Obhof
Chief Legal Counsel to Ohio Secretary of State Frank LaRose
lobhof@ohiosos.gov