# Exhibit B



<u>*Via Electronic Mail*</u>

August 21, 2025

Jyoti Jasrasaria
Jasrasaria Law LLC
341 S. 3rd St. Suite 300
Columbus, OH 43215

Ben Stafford, Joshua Abbuhl, and Qizhou Ge
Elias Law Group LLP
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001

Counsel,

I am writing in reference to your letter of May 23, 2025 (the "Letter").

<u>*National Voter Registration Act*</u>

The Ohio Secretary of State's office fundamentally disagrees with any assertion that enforcement of the relevant provisions of House Bill 54 ("HB 54") violates the National Voter Registration Act of 1993 ("NVRA"). Any lawsuit alleging such violations would be without merit.

Federal law dictates that the privilege of participating in federal elections is reserved for United States citizens. As such, it is a crime for noncitizens to register to vote—or to commit the act of voting—in federal elections. *See* 18 U.S.C. §§ 611, 1015(d). Additionally, the Ohio Constitution provides that "[o]nly a citizen of the United States" shall be permitted to vote at any state or local election held in Ohio. Ohio Const. art. 5, § 1. Consistent with this mandate, Ohio law ensures that only United States citizens may register to vote.

Under the NVRA, applications for driver licenses must also serve as applications for voter registration for federal elections, unless the applicant fails to sign the voter registration application. But, of course, only citizens may register to vote. To that end, even prior to

HB 54, Ohio driver licenses distinguished between citizens and noncitizens. *See* R.C. 4506.07; R.C. 4507.06; 4507.21; and 4507.51. Thus, an Ohio driver license or state identification does one of the following: (1) it demonstrates the person's citizenship, or (2) it shows that the person is a noncitizen or has otherwise failed to provide proof of citizenship that is required by law.

In HB 54, the Ohio General Assembly amended R.C. 3503.11 to make clear that when a person applies for a driver license or certain other specified forms of state identification, "and the person presents proof of United States citizenship … or has previously presented proof of United States citizenship … the registrar or deputy registrar shall offer the applicant the opportunity to register to vote or to update the applicant's voter registration by electronic means in conjunction with the person's transaction with the registrar or deputy registrar, in a manner prescribed by the secretary of state." R.C. 3503.11(A)(1) (eff. 6/30/2025). In this way, the law strikes a balance between ensuring that citizens alone can register to vote and that an application for a driver license continues to serve as an application for voter registration.

Contrary to the assertions in your Letter, this amended provision does not violate Section 5 of the NVRA. The NVRA allows Ohio to require "the minimum amount of information necessary" to enable Ohio election officials "to assess the eligibility of the applicant." 52 U.S.C. § 20504(c)(2)(B). When a license registrant does not present proof of United States citizenship *and* has not done so in the past, Ohio does not have "the minimum amount of information necessary" to assess whether the registrant is eligible to register to vote. The Ohio Secretary of State's office does not interpret the NVRA as prohibiting the State from verifying citizenship status in such circumstances. The Letter relies on a factually distinct out-of-circuit case to support its argument to the contrary. It does not (and to the best of our knowledge <u>cannot</u>) point this office to any on-point authority from the Sixth Circuit.

Nor does the updated statute violate Section 8 of the NVRA. As required by Section 8, HB 54 is "uniform" and "nondiscriminatory." 52 U.S.C. § 20507(b)(1). As noted above, Ohio's proof-of-citizenship requirements for driver licenses and other state identification cards predate the passage of HB 54. *See* R.C. 4506.07; R.C. 4507.06; 4507.21; and 4507.51. These requirements are applied uniformly and with clear and verifiable standards. The documents that are sufficient to establish legal presence and citizenship are specified in the Ohio Administrative Code. *See* O.A.C. 4501:1-1-21(G). The Department of Public

Safety's Bureau of Motor Vehicles ("BMV") maintains publicly available lists of the documents that are acceptable for a standard identification, a federally-compliant identification, or proof of name change. These lists predate the passage of HB 54 and are widely available, including on the BMV's website at the following address:

https://www.bmv.ohio.gov/dl-identity-documents.aspx.

*Public Records Request*

To the extent that any of the numbered paragraphs on Page 3 of the Letter may be construed as containing requests for public records, they are not proper requests and are therefore denied. Specifically, Paragraph (2) requests that the Secretary of State's office "produce all documents and records containing any activities Ohio has undertaken to effectuate the proof-of-citizenship requirement in HB 54 ...." (Letter, at 3). The Supreme Court of Ohio has made clear that requests for "any and all records" are overly broad. *See State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312, 314, 750 N.E.2d 156 (2001) (a request that asked a public office for "any and all records generated, in the possession of your department, containing any reference whatsoever to Kelly Dillery" was overly broad). Yet that is precisely the type of request made here.

Additionally, Paragraph (2) is not a proper public records request for a different but equally significant reason. It is not a true records request; rather, it is a request for information. Yet the Supreme Court of Ohio has repeatedly emphasized that "[t]he Public Records Act does not compel a public office 'to do research or to identify records containing selected information.'" *State ex rel. Copley Ohio Newspapers, Inc. v. City of Akron*, 2024-Ohio-5677, at ¶ 13 (Dec. 6, 2024), quoting *State ex rel. Shaughnessy v. City of Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, ¶ 10. Instead, a requestor must identify, with reasonable clarity, existing records; a request is improper if it is a request to search for information wherever it may exist across an office's records. *See State ex rel. Copley Ohio Newspapers, Inc.*, 2024-Ohio-5677, at ¶ 13; *State ex rel. Carr v. London Corr. Inst.*, 144 Ohio St.3d 211, 2015-Ohio-2363, ¶ 22.

Notwithstanding the improper nature of the request, please see attached copies of the documentary requirements discussed *supra*, which are also available on the BMV's website at https://www.bmv.ohio.gov/dl-identity-documents.aspx.

Paragraph (3) is also not a proper public records request. Specifically, it asks the Secretary of State's office to "produce the number of voters who (a) are currently registered to vote in Ohio and (b) have never provided the Bureau of Motor Vehicles their proof of citizenship." (Letter, at 3). But again, the Public Records Act does not compel the Secretary's office to gather the selected information. *See State ex rel. Copley Ohio Newspapers, Inc.*, 2024-Ohio-5677, at ¶ 13; *State ex rel. Shaughnessy*, 2016-Ohio-8447, at ¶ 10; *State ex rel. Carr*, 2015-Ohio-2363, at ¶ 22.

If you wish, you may clarify or revise any of these requests so that they comply with Ohio's public records law. To the extent that your firm(s) have sent additional public records requests related to these subjects, our office will be addressing those requests separately.

Sincerely,

/s/ Larry J. Obhof
Larry J. Obhof
Chief Legal Counsel


cc: bstafford@elias.law, jabbuhl@elias.law, age@elias.law, jyoti@jasrasarialaw.com