IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RED WINE & BLUE, and OHIO ALLIANCE FOR RETIRED AMERICANS,<br><br>*Plaintiffs,*<br><br>v.<br><br>FRANK LAROSE, in his official capacity as Ohio Secretary of State, CHARLES L. NORMAN, in his official capacity as Ohio's Registrar of Motor Vehicles,<br>*Defendants,*<br><br>REPUBLICAN NATIONAL COMMITTEE,<br><br>*Proposed Intervenor-Defendant.* | Case No: 1:25-cv-01760 |

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
BY THE REPUBLICAN NATIONAL COMMITTEE**

The Republican National Committee moves to intervene as a Defendant under Federal Rule of Civil Procedure 24. Plaintiffs challenge the legality of Ohio's law requiring motor vehicle registrars to provide an additional opportunity for a driver's license applicant to register to vote if the applicant presents "proof of United States citizenship" or has "previously" done so. Compl. 15 (citing O.R.C. §3503.11). When similar groups challenged Arizona's proof-of-citizenship requirement on the same constitutional grounds, the RNC was granted intervention. *DNC v. Hobbs*, Doc. 18, No. 2:22-cv-1369 (D. Ariz. Aug. 23, 2022). The RNC's involvement has proven essential in that case; it has raised arguments and appealed decisions that the state defendants wouldn't, and it secured emergency relief from the Supreme Court this past election cycle that each state defendant opposed. *See RNC v. Mi Familia Vota*, 145 S. Ct. 108 (2024).

Earlier this year, a federal court granted the RNC intervention as of right to defend the proof-of-citizenship requirement for the federal mail voter registration form established by executive order. *LULAC v. EOP*, Doc. 135 at 9, No. 1:25-cv-946 (D.D.C. June 12, 2025). The federal district court

1

held that the RNC has a right to "intervene as a Defendant based on its interest in competing in fair contests for public office by registering, educating, and turning out voters." *Id.*

The RNC's intervention in the Arizona and D.C. cases accords with an ocean of precedent recognizing that when a state's election laws are challenged in federal court, political parties should be granted intervention to protect their unique interests.[1] This Court should grant the motion for two independent reasons: (1) the RNC satisfies the criteria for intervention by right under Rule 24(a)(2), and (2) alternatively, permissive intervention is warranted under Rule 24(b) as the RNC's defenses share common questions of law and fact with the existing parties.

## INTERESTS OF PROPOSED INTERVENOR

The RNC is a national committee as defined by 52 U.S.C. §30101 that manages the Republican Party's business at the national level. It supports Republican candidates for public office at all levels nationwide—including in Ohio. It coordinates fundraising and election strategy, and develops and promotes the national Republican platform. The RNC's membership consists of the party chair,

---

[1] *E.g.*, *NRSC v. FEC*, 2025 WL 1787717, *1 (U.S. June 30); *La Union del Pueblo Entero [LUPE] v. Abbott*, 29 F.4th 299, 309 (5th Cir. 2022); *League of Women Voters of Ohio v. LaRose*, Doc. 25, No. 1:23-cv-2414 (N.D. Ohio Feb. 6, 2024); *Ne. Ohio Coal. for the Homeless v. LaRose*, 2023 WL 2991932, *1 (N.D. Ohio Apr. 18); *King v. Whitmer*, 2020 WL 7053810, *1 (E.D. Mich. Dec. 2); *Donald J. Trump for President, Inc. v. Benson*, 2020 WL 8573863, *1 (W.D. Mich. Nov. 17); *A. Philip Randolph Inst., of Ohio v. LaRose*, 2020 WL 5524842, **1-2 (N.D. Ohio Sept. 15); *League of Women Voters of Ohio v. LaRose*, Doc. 38, No. 2:20-cv-01638 (S.D. Ohio Apr. 2, 2020); *Priorities USA v. Nessel*, 2020 WL 2615504, at *1 (E.D. Mich. May 22); *Ohio A. Philip Randolph Inst. v. Smith*, 2018 WL 8805953, **3-5 (S.D. Ohio Aug. 16); *Libertarian Party of Mich. v. Johnson*, Doc. 23, No. 2:12-cv-12782 (E.D. Mich. Sept. 10, 2012); *Ohio Democratic Party v. Blackwell*, 2005 WL 8162665, *2 (S.D. Ohio Aug. 26); *Int'l All. of Theater Stage Emps. Local 927 v. Lindsey*, Doc. 84, No. 1:23-cv-4929 (N.D. Ga. May 3, 2024); *Mont. Pub. Int. Rsch. Grp. v. Jacobsen*, Doc. 34, No. 6:23-cv-70 (D. Mont. Jan. 18, 2024); *Vote.Org v. Byrd*, Doc. 85, No. 4:23-cv-111 (N.D. Fla. May 26, 2023); *United States v. Georgia*, Minute Order, No. 1:21-cv-2575 (N.D. Ga. July 12, 2021); *Harriet Tubman Freedom Fighters Corp. v. Lee*, Doc. 34, No. 4:21-cv-242 (N.D. Fla. July 6, 2021); *Fla. State Conference of Branches & Youth Units of the NAACP v. Lee*, Doc. 43, No. 4:21-cv-187 (N.D. Fla. June 8, 2021); *New Ga. Project v. Raffensperger*, Doc. 39, No. 1:21-cv-1333 (N.D. Ga. June 4, 2021); *Ga. State Conf. of NAACP v. Raffensperger*, Doc. 40, No. 1:21-cv-1259 (N.D. Ga. June 4, 2021); *League of Women Voters of Fla. v. Lee*, Doc. 72, No. 4:21cv186 (N.D. Fla. June 4, 2021); *Wood v. Raffensperger*, Doc. 14, No. 1:20-cv-5155 (N.D. Ga. Dec. 28, 2020); *Black Voters Matter Fund v. Raffensperger*, Doc. 42, No. 1:20-cv-4869 (N.D. Ga. Dec. 9, 2020); *VoteVets Action Fund v. Detzner*, Doc. 16, No. 4:18-cv-524 (N.D. Fla. Nov. 11, 2018); *Brown v. Detzner*, Minute Order, No. 3:12-cv-852 (M.D. Fla. Sept. 17, 2012).

national committeeman, and committeewoman for each State and territory, including multiple representatives from Ohio who are registered Ohio voters. The RNC has interests in the rules and procedures governing Ohio's elections. These interests are heightened given Ohio's upcoming elections in just over a year for federal and state office in which over 1.5 million Republicans are registered to vote.

## ARGUMENT

### I. The RNC has an unconditional right to intervene.

Rule 24 should be "broadly construed in favor of potential intervenors." *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991). The RNC has a right to intervene if "(1) the motion to intervene is timely; (2) the [RNC has] a significant legal interest in the subject matter of the pending litigation; (3) the disposition of the action may impair or impede the [RNC's] ability to protect their legal interest; and (4) the parties to the litigation cannot adequately protect the [RNC's] interest." *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). The RNC satisfies each of these factors.

#### A. The motion is timely.

The Sixth Circuit considers five factors when deciding whether a motion to intervene is timely: "(1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention." *Grubbs v. Norris*, 870 F.2d 343, 345-46 (6th Cir. 1989). "No one factor is dispositive;" rather "all relevant circumstances" should be evaluated. *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011) (cleaned up).

Each factor supports the timeliness of the RNC's intervention. First, the RNC is moving to intervene at an early stage of the litigation before this Court has ruled on preliminary dispositive

3

motions and well before discovery begins. *Cf. Stupak-Thrall v. Glickman*, 226 F.3d 467, 473 (6th Cir. 2000). Plaintiffs filed their complaint barely over a month ago. The State Defendants have only recently answered the Complaint. The RNC has filed a proposed Answer to Plaintiffs' Complaint, which can be docketed without delay. "These filings would place the RNC in the same procedural posture as the [State] Defendants, who recently filed their own Answers. Under these circumstances, the timing of the RNC's motion will not unfairly disadvantage any party." *LULAC*, Doc. 135 at 9, No. 1:25-cv-946.

Second, the RNC seeks to intervene for the purpose of protecting its partisan interest in "competing in fair contests for public office by registering, educating, and turning out voters," *id.*, as well as based on the "concern that Defendants may not fully and aggressively defend the election laws at issue, specifically in terms of possible settlement," *Benson*, 448 F. Supp. 3d at 763. It is easy to see how the RNC's interests "could diverge" from those of the existing parties. *Wineries of the Old Mission Peninsula Ass'n v. Twp. of Peninsula, Michigan*, 41 F.4th 767, 777 (6th Cir. 2022). The RNC has unique private partisan interests which the State Defendants "are unlikely to be adequate representatives of" because State Defendants must represent the public interest. *LULAC*, Doc. 135 at 10, No. 1:25-cv-946.

Third, the length of time prior to filing was minimal. Even when a motion to intervene is submitted ten months after the Complaint was filed, it may still be timely. *Usery v. Brandel*, 87 F.R.D. 670, 675 (W.D. Mich. 1980); *see also Stupak-Thrall v. Glickman*, 226 F.3d 467, 475 (6th Cir. 2000) (quoting *Usery* approvingly). Here, the RNC is moving to intervene barely over a month after the Complaint was filed. Considering information delays and the time needed to draft a motion, "there exists no earlier time the [RNC] 'should have known of their interests in [this] case.'" *Benson*, 448 F. Supp. 3d at 763 (quoting *Glickman*, 226 F.3d at 473).

Fourth, the RNC "promptly intervened" so "any consideration of prejudice resulting from the [RNC's] 'failure to promptly intervene' is unnecessary." *Id.* "The fourth factor, prejudice, considers

4

only prejudice due to the failure to intervene at an earlier point, not the prejudice due to the intervention itself." *Echard v. Wells Fargo Bank N.A.*, 2022 WL 1210321, at *3 (S.D. Ohio Apr. 25). Here, the RNC "moved swiftly" and "[b]ecause [the RNC] did not delay, there is no prejudice, and timeliness is favored." *Id.*

Fifth, no unusual circumstances militate against intervention. In fact, "given the unique impact this suit could have on upcoming elections," the RNC's involvement will be "important and helpful." *Id.* It is not unusual for the RNC or for political parties in general to be granted intervention in election law cases since they can add an important perspective to add the Court's consideration of a case. *See* supra n.1 (collecting cases). Considering "all relevant circumstances," the motion is timely. *Zelman*, 636 F.3d at 284.

### B. The RNC has protected interests in this case.

The Sixth Circuit applies "a rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999) (cleaned up). "[A]n intervenor need not have the same standing necessary to initiate a lawsuit" but just "a specific legal or equitable interest." *Id.* As the national committee of the Republican Party who represents members, candidates, and voters across Ohio, the RNC has a specific "legal interest in the subject matter of the pending litigation." *Jansen*, 904 F.2d at 340. Specifically, the RNC wants Republican voters to vote, Republican candidates to win, and Republican resources to be used effectively to achieve its mission. Such interests "are routinely found to constitute significant protectable interests." *Issa v. Newsom*, 2020 WL 3074351, at *3 (E.D. Cal. June 10); *e.g.*, *LULAC*, Doc. 135 at 6, No. 1:25-cv-946; *LUPE*, 29 F.4th at 306; *Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 586-87 (5th Cir. 2006); *Bost v. Ill. State Bd. of Elections*, 75 F.4th 682, 687 (7th Cir. 2023); *Crawford v. Marion Cty. Election Bd.*, 472 F.3d 949, 951 (7th Cir. 2007). All these interests are at stake in the present case.

5

*First*, this case implicates the RNC's interest in Republican voters voting. Rules like the one Plaintiffs challenge here serve "the integrity of [the] election process," *Eu v. S.F. Cty. Democratic Cent. Comm.*, 489 U.S. 214, 231 (1989), and the "orderly administration" of elections, *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 196 (2008) (op. of Stevens, J.). Defending "the lawfulness" of the election rules that Plaintiffs challenge and "protecting the integrity of [Ohio's] elections" alone is a sufficient interest to justify intervention by the RNC in this case. *Cf. Black Voters Matter Fund*, No. 1:20-cv-4869, Doc. 42 at 5. The RNC has a "direct and substantial interest" in this case because it will "affect" the RNC's "ability to participate in and maintain the integrity of the election process in [Ohio]." *LUPE*, 29 F.4th at 306. Safeguarding Republican voter confidence in the legitimacy of Ohio's electoral process also necessitates RNC intervention. This confidence has "independent significance" as a protectible interest. *Crawford*, 553 U.S. at 197. It "is essential to the functioning of our participatory democracy." *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006). And it is essential to Republican voter turnout that federal courts don't enjoin duly enacted laws that preserve the integrity of Ohio elections. *Cf. id.*

*Second*, the RNC has an interest in Republican candidates winning. Though the Sixth Circuit doesn't impose a heightened standing burden for intervenors, one court recently found that "[t]he RNC has standing" to "defend those provisions of the [the challenged proof-of-citizenship requirement] that directly benefit the electoral prospects of Republican candidates for federal office." *LU-LAC*, Doc. 135 at 6, No. 1:25-cv-946. That interest is present here. The RNC relies on Ohio's voter-registration lists to determine its electoral strategy, the number of staff it needs in a given jurisdiction, the number of volunteers needed to contact voters, and how much it will spend contacting voters. If Ohio's voter registration lists contain ineligible non-citizen registrations, then the RNC's electoral strategy will be based on flawed data that will hinder the electoral prospects of candidates running as Republicans. Plaintiffs' requested relief, if granted, removes a barrier that prevents ineligible non-citizens from registering to vote. Since the RNC relies on accurate voter rolls that don't contain the

6

registrations of ineligible non-citizens to set the campaign strategy of Republican candidates, the RNC's interest in "advancing the overall electoral prospects" of Republican candidates is implicated by these proceedings. *Issa*, 2020 WL 3074351, at *3. Such an interest is "routinely found" to be protectable under Rule 24. *Id.*

*Third*, the RNC has an interest in Republican resources being spent effectively to achieve its mission. If this Court were to enjoin Ohio's documentary proof-of-citizenship requirement, the RNC would need to divert resources from other mission-critical activities toward get-out-the-vote activities to reinspire Republican voter trust in Ohio's electoral system, to independently verify the accuracy of Ohio's voter registration rolls, and to educate voters and candidates concerning Ohio's changed registration requirements. Safeguarding the RNC's mission-critical activities from costs associated with changes to election procedures is a legitimate "interest" under Rule 24(a)(2). *E.g., Issa*, 2020 WL 3074351, at *3.

These interests are not too generalized. Not all Ohioans have an interest in electing Republicans or conserving the resources of the Republican Party. In fact, Plaintiffs rely on similar injuries to their organizational "mission" as a basis for standing. Compl. ¶¶12, 31, 34. If those interests are sufficient to support Plaintiffs' standing, they are sufficient to satisfy the minimal interest requirement to justify the RNC's intervention. *Cf. Grutter*, 188 F.3d at 398 ("intervenor need not have the same standing necessary to initiate a lawsuit" to intervene).

### C. This action threatens to impair the RNC's interests.

Proceeding without the RNC "may as a practical matter impair [the RNC's] ability to protect [its] interest." Fed. R. Civ. P. 24(a)(2). Given their inherent and intense interest in elections, usually "[n]o one disputes" that political parties "meet the impaired interest requirement for intervention as of right." *Citizens United v. Gessler*, 2014 WL 4549001, *2 (D. Col. Sept. 15). To prove potential

7

impairment, the RNC "need only show" that if it cannot intervene, "there is a possibility" that its "interest could be impaired." *LUPE*, 29 F.4th at 307.

This case presents at least that "possibility." *Id.* Plaintiffs' request for an injunction, if granted, would "change" the "election landscape for those participating." *Id.* It would "change what [the RNC] must do to prepare for upcoming elections," forcing the RNC to expend "resources to educate their members on the shifting situation in the lead-up to the 202[6] election." *Id.* Each of these potential practical impairments standing alone are enough to justify intervention. The RNC will plainly "suffer if the Government were to lose this case, or to settle it against [RNC] interests." *Mausolf v. Babbitt*, 85 F.3d 1295, 1302-03 (8th Cir. 1996).

Enjoining enforcement of Ohio's proof-of-citizenship requirement inhibits Ohio's ability to conduct "accurate recordkeeping" by "carefully identifying all voters participating in the election process." *Cf. Crawford*, 553 U.S. at 196. This impairs the RNC's interest in accurate registration lists. *See supra*, pp. 5-6. Though Plaintiffs argue that measures to prevent non-citizen voting are "a solution in search of a problem" in Ohio, Compl. at ¶69, "in resolving a motion to intervene," this Court "cannot assume" that Plaintiffs "will ultimately prevail on the merits," *Pavek v. Simon*, 2020 WL 3960252, at *3 (D. Minn. July 12). This Court must accept the RNC's defenses as correct. *Oneida Indian Nation of Wis. v. New York*, 732 F.2d 261, 265 (2d Cir. 1984).

The RNC's legally protectible interest "in competing in fair contests for public office by registering, educating, and turning out voters" is also at risk of impairment. *LULAC*, Doc. 135 at 9, No. 1:25-cv-946. This interest is enough to give the RNC Article III standing, *id.*, a higher bar than the Sixth Circuit requires for intervention, *Grutter*, 188 F.3d at 398. The RNC "could be burdened if the Court accepts the Plaintiffs' arguments that some provisions" of the challenged proof-of-citizenship requirement "cannot lawfully be implemented." *LULAC*, Doc. 135 at 9, No. 1:25-cv-946. "For example, a decision in the Plaintiffs' favor could result in an injunction barring the implementation of

8

provisions that the RNC argues are beneficial to its members' ability to compete in federal elections. Therefore, the RNC has shown that the disposition of these cases could impair or impede its interests." *Id.* at 10.

The RNC would also be forced to spend substantial resources fighting inevitable confusion and galvanizing participation in the wake of the "consequent incentive to remain away from the polls" cause by Plaintiffs' requested injunction. *Purcell*, 549 U.S. at 4-5. Those organizational costs are an independent injury. *RNC v. N.C. State Bd. of Elections*, 120 F.4th 390, 397 (4th Cir. 2024). Since the RNC has "a real stake" in this case, intervention by right is warranted. *Hodgson v. UMWA*, 473 F.2d 118, 130 (D.C. Cir. 1972).

### D. Defendants "might" not adequately represent the RNC's interests.

Rule 24(a)(2) requires this Court to allow the RNC to intervene if existing party representation "*might* be inadequate." *Grutter*, 188 F.3d at 400. The RNC "need show only that there is a potential for inadequate representation." *Id.* If "interests could diverge" between the RNC and existing parties, then there is inadequate representation and "intervention as of right" is "warranted." *Wineries of the Old Mission Peninsula Ass'n*, 41 F.4th at 777. The "showing" for inadequate representation is "easily made" when, as here, "the party upon which the intervenor must rely is the government." *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1254 (10th Cir. 2001); *see also Wineries of the Old Mission Peninsula Ass'n*, 41 F.4th at 775 (citing *Utah Ass'n of Ctys.* approvingly).

"[N]o other party in this case will 'adequately represent' the RNC's interests." *LULAC*, Doc. 135 at 10, No. 1:25-cv-946. The RNC "seeks to intervene in part" to "advance its own partisan objectives." *Id.* at 11. The State Defendants "are unlikely to be adequate representatives of these private, partisan interests." *Id.* No current party to this case adequately represents the RNC's interest in promoting Republican candidates' electoral success, supporting Republican voters, and conserving Republican Party resources. Defendants are Ohio state officials, who must necessarily represent "the

9

public interest." *Coal. of Ariz./N.M. Cntys. for Stable Econ. Growth v. DOI*, 100 F.3d 837, 845 (10th Cir. 1996). By contrast, the RNC's interest is inherently "partisan." *LUPE*, 29 F.4th at 309. "Neither the State nor its officials can vindicate such an interest while acting in good faith." *Id.*

The State Defendants have no interest in the election of Republican candidates, the mobilization of Republican voters, or the costs associated with either. Instead, as state officials acting on behalf of Ohioans and the State itself, the State Defendants must consider a range of interests likely to "diverge" from the RNC. *Wineries of the Old Mission Peninsula Ass'n*, 41 F.4th at 777. Those clashing interests include the interests of Plaintiffs, "the expense of defending the current [rules] out of [state] coffers," *Clark v. Putnam Cnty.*, 168 F.3d 458, 462 (11th Cir. 1999), and "the social and political divisiveness of the election issue" to the State, *Meek v. Metro. Dade Cnty.*, 985 F.2d 1471, 1478 (11th Cir. 1993). By contrast, the RNC cares about the effect this case has on the Republican Party, Republican candidates, and Republican voters. Thus, the government's representation of the public interest "cannot be assumed to be identical to the individual parochial interest of [the RNC] merely because both entities occupy the same posture in the litigation." *Utah Ass'n of Ctys.*, 255 F.3d at 1256. Since there are "divergent interests," there is inadequate representation. *Ne. Ohio Coal. for Homeless & SEIU v. Blackwell*, 467 F.3d 999, 1008 (6th Cir. 2006).

## II. Alternatively, the RNC is entitled to permissive intervention.

Regardless of whether the Court finds the RNC can intervene by right, permissive intervention is justified under Rule 24(b). The RNC's "claim or defense" shares with "the main action a common question of law or fact." Fed. R. Civ. P. 24(b). And the RNC's intervention will not "unduly delay or prejudice" the case. *Id.* Courts often find that permissive intervention is the simplest path for resolving a political party's request to intervene in election-integrity litigation, as the Court need not even find the RNC is inadequately represented. *Black Voters Matter*, No. 1:20-cv-4869, Doc. 42 at 5.

10

Rule 24(b)'s requirements are met here. The RNC will raise defenses sharing common questions of law and fact with the existing parties. Plaintiffs allege that Ohio's documentary proof-of-citizenship requirement violates the First and Fourteenth Amendments and the NVRA. Compl. at 26-30. The RNC denies each of these allegations. The RNC's defenses and those brought by State Defendants turn on the same legal issue: the legal validity of the challenged law.

Moreover, the RNC's intervention won't cause undue delay or prejudice. There is no undue delay as this case is in its earliest stage. Even where a Court has already resolved a motion for preliminary injunction, the RNC's intervention does not cause undue delay because the RNC is filing a proposed answer to Plaintiffs' Complaint, "which can be docketed without delay" and that filing "would place the RNC in the same procedural posture as the [State] Defendants." *LULAC*, Doc. 135 at 9, No. 1:25-cv-946. "Under these circumstances, the timing of the RNC's motion will not unfairly disadvantage any party." *Id.* "[C]oncerns of delay and prejudice can be addressed through proper limitation and docket control such that any delay and prejudice caused" by "the RNC's… intervention will not be undue." *Nessel*, 2020 WL 2615504, \*4 (E.D. Mich. May 22). "Whatever additional burdens adding the [RNC] to this case may pose, those burdens fall well within the bounds of everyday case management." *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 200 (2022). The RNC also commits to complying with whatever briefing schedule the Court imposes, "a promise" that undermines claims of undue delay. *Emerson Hall Assocs. v. Travelers Casualty Ins. Co. of Am.*, 2016 WL 223794, \*2 (W.D. Wis. Jan. 19).

The RNC's intervention will aid the Court, providing "perspective that others miss or choose not to provide." *Nielsen v. DeSantis*, 2020 WL 6589656, at \*1 (N.D. Fla. May 28). "[B]ecause this case involves the integrity of [Ohio's] election laws," it is "worthwhile to receive input" from a national political party to "reach the correct determination." *Nessel*, 2020 WL 2615504, \*4. "[I]t is important for the court to hear the [RNC's] voice. The [RNC] is an interested party willing to perform research

11

and provide analysis" and "[w]hether its arguments are or are not successful is not determinative. At issue is the fate of an important aspect of [Ohio's] electoral system" one that "may be determined as violative of citizens' rights" or "as preserving, consistent with constitutional standards, the integrity of [Ohio's] elections." *Benson*, 448 F. Supp. 3d at 766. "Given the significance of the questions presented and the potential effect on the legitimacy of a national election, it is imperative that the [RNC] be allowed to present its opinion." *Id.* at 767.

## CONCLUSION

For the foregoing reasons, the RNC respectfully requests that the Court grant the motion and allow the RNC to intervene as a Defendant.

Dated: September 23, 2025

Respectfully submitted,

*/s/ Thomas R. McCarthy*

Thomas R. McCarthy\*
Gilbert C. Dickey\*
Conor D. Woodfin\*
William Bock IV\*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
gilbert@consovoymccarthy.com
conor@consovoymccarthy.com
wbock@consovoymccarthy.com

\*Permission to practice *pro hac vice* motion submitted

*Counsel for Proposed Intervenor-Defendant
The Republican National Committee*

## CERTIFICATE OF CONFERRAL

Counsel for Proposed Intervenor-Defendant certifies that on September 22, 2025, Counsel for the RNC conferred with Counsel for Plaintiffs and Counsel for Defendants concerning this Motion to Intervene. Counsel for Plaintiffs represents that Plaintiffs oppose the motion. Counsel for Defendants represents that Defendants consent to the Motion.

/s/ *Thomas R. McCarthy*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 23, 2025, the foregoing was mailed to the Clerk of Court who will send an electronic notice of filing to all counsel of record.

/s/ *Thomas R. McCarthy*