**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RED WINE & BLUE, and OHIO ALLIANCE FOR RETIRED AMERICANS, | : <br> : <br> : <br> : |
| **Plaintiffs,** | : Case No. 1:25-cv-01760 <br> : <br> : Judge Solomon Oliver, Jr. |
| **v.** | : <br> : Mag. Judge James E. Grimes, Jr. |
| FRANK LAROSE, in his official capacity as Ohio Secretary of State; and CHARLES L. NORMAN, in his official capacity as Ohio's Registrar of Motor Vehicles, | : <br> : <br> : <br> : <br> : |
| | : |
| **Defendants.** | : |

---

**DEFENDANTS' POSITION STATEMENT ON DISCOVERY AND BRIEFING AND
MOTION TO STAY**

---

Pursuant to this Court's order, *see* Doc. No. 31, Defendants Frank LaRose and Charles Norman hereby submit this document setting forth Defendants' position on proceedings relating to Plaintiffs' motion for preliminary injunction. On April 28, more than eight months after filing their complaint, and nearly one year after its effective date, Plaintiffs moved to preliminarily enjoin H.B. 54 in its entirety. *See* Doc. No. 29-1 at PageID 376 ("For the foregoing reasons, the Court should preliminarily enjoin HB 54."). H.B. 54 is the transportation appropriations bill for the 2025–2027 biennium. Included among its 200+ pages funding the Department of Transportation and numerous improvement projects throughout Ohio are the few phrases challenged by Plaintiffs here: the requirement that a deputy registrar must offer an applicant for an Ohio driver's license or identification card the opportunity to register to vote if the applicant presents proof of U.S. citizenship or has previously done so. Ohio Rev. Code § 3503.11(A).

1

Because Ohio Rev. Code § 3503.11(A) does not injure Plaintiffs—or anyone else—Defendants ask the Court to stay proceedings pending its ruling on Defendants' motion to dismiss the case for lack of subject-matter jurisdiction. In the interests of judicial economy and to avoid filing multiple documents, Defendants incorporate their request for a stay in the document "indicating the nature and extent of discovery" necessary to respond to Plaintiffs' motion. Doc. No. 31 at PageID 1081. If the Court denies the motion to dismiss or declines to stay the case, Defendants ask for the opportunity to conduct the discovery described in Section II *infra*.

### I. The Court should stay proceedings on Plaintiffs' motion for preliminary injunction until it rules on Defendants' motion to dismiss.

Plaintiffs filed their complaint seeking declaratory and injunctive relief on August 22, 2025, and Defendants moved to dismiss for lack of subject-matter jurisdiction shortly thereafter. *See generally* Doc. No. 1; Doc. No. 15. Defendants argued that Plaintiffs lack associational and organizational standing, so the Court does not have subject-matter jurisdiction over their claims. Doc. No. 15 at PageID 115–25. That motion remains pending, and this Court's subject-matter jurisdiction therefore remains in question. Accordingly, before putting Defendants, Plaintiffs, and the Court through the burden of discovery, briefing, and a hearing on Plaintiffs' motion for preliminary injunction, this Court should first assure itself of its own subject-matter jurisdiction. Defendants therefore request that this Court stay proceedings on Plaintiffs' motion for preliminary injunction until it rules on Defendants' motion to dismiss for lack of subject-matter jurisdiction.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Courts consider the following factors when assessing a request for a stay: (1) the need for a stay; (2) the stage of the litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and

2

the court. *Cybergenetics Corp. v. Inst. of Envtl. Sci. & Research*, 2020 U.S. Dist. LEXIS 20305, at *5–6 (N.D. Ohio Jan. 27, 2020) (granting a motion to stay when a pending dispositive motion could dispose of the case).

Here, the factors all favor a brief stay of the preliminary-injunction proceedings until the Court rules on the pending motion to dismiss. A stay is necessary because "defendants' dispositive motion presents threshold legal questions, the resolution of which could dispose of the case." *Id*. at *6. Reaching the threshold issue of Plaintiffs' standing "before considerable time and money is expended on this litigation, could preserve both the parties' the Court's resources." *Id*. This is particularly true here, where Plaintiffs request a hearing on their motion for preliminary injunction. Finally, both the posture and the stage of this litigation favor a stay. Plaintiffs seek to enjoin state statutes that have been in effect for nearly a year. H.B. 54 is the status quo, and it is "afforded a strong presumption of constitutionality." *San Antonio Independent Sch. Dist. v. Rodriguez*, 411 U.S. 1, 60 (1973). Plaintiffs who seek to overcome that presumption and enjoin a law enacted by the people's representatives in the General Assembly *must* first demonstrate standing to do so.

Nor would a stay prejudice Plaintiffs. That Plaintiffs now seek "emergency" relief does not change the calculus. H.B. 54 took effect almost a year ago, and Plaintiffs filed their case over eight months ago. During those eight months, Plaintiffs did not seek emergency relief. They did not seek to convene a discovery conference under Rule 26(f). They did not propound any discovery. They did not seek to expedite proceedings on Defendants' motion to dismiss. They did not even respond to Defendants' notice of supplemental authority apprising the Court of S.B. 293, which defines "proof of citizenship." *See generally* Doc. No. 28. For over eight months, Plaintiffs sat in silence and waited. Now, Plaintiffs want "emergency" relief, and they want it on an expedited basis that does not afford Defendants any opportunity to conduct discovery to test their claims. This delay forecloses

3

any claim that Plaintiffs would be damaged by a brief stay in the preliminary-injunction proceedings. *See, e.g.*, *Benisek v. Lamone*, 585 U.S. 155, 159 (2018) ("[A] party requesting a preliminary injunction must generally show reasonable diligence."); *York Risk Servs. Grp. V. Couture*, 787 F. App'x 301, 308 (6th Cir. 2019) ("An unreasonable delay in filing for injunctive relief will weigh against a finding of irreparable harm.").

This Court cannot issue any kind of relief—let alone emergency relief—unless it has subject-matter jurisdiction over the claims in this case. Accordingly, the Court should stay proceedings on Plaintiffs' motion for preliminary injunction until it rules on Defendants' motion to dismiss.

## II.      Defendants request limited written discovery before responding to Plaintiffs' motion for preliminary injunction.

If the Court ultimately denies Defendants' motion to dismiss or declines to stay proceedings, Defendants request a brief opportunity to conduct written discovery. This discovery is necessary because Plaintiffs' affidavits filed in support of their motion for preliminary injunction include new assertions intended to bolster their associational standing. Defendants request limited written discovery to probe the factual underpinnings of these affidavits.

As set forth in Defendants' motion to dismiss, the linchpin of associational standing is the identification of a member who would have standing to sue in her own right. *Ass'n of Am. Physicians & Surgs v. FDA*, 13 F.4th 531, 543 (6th Cir. 2021). "The organization must . . . identify a member who has suffered (or is about to suffer) a concrete and particularized injury from the defendant's conduct." *Id.* at 543. In their complaint, Plaintiffs purported to identify two such members of Red Wine & Blue: Peggy Dutcher and Gia Borgerson. Compl. ¶¶ 28–30, Doc. No. 1 at PageID 8–9. Plaintiffs argued that Ms. Dutcher and Ms. Borgerson were injured by H.B. 54 because they "want to register to vote at the BMV, but to do so, . . . they must now produce additional documentation" required by that statute. Doc. No. 25 at PageID 250.

4

In their motion for preliminary injunction, however, Plaintiffs situate their claims of associational standing elsewhere. In support of their motion, Plaintiffs filed the affidavit of Laura Mullen, Program Director of Red Wine & Blue's statewide operations in Ohio. *See generally* Mullen Aff., Doc. No. 29-2. Ms. Mullen states that "[m]embers of Red Wine & Blue have been turned away at the BMV because they were told that they did not have appropriate documents." Mullen Aff. ¶10, Doc. No 29-2 at PageID 382. According to Ms. Mullen, these members "have had to travel to the BMV multiple times after being told they lacked required documents to obtain or update their driver's license." *Id*. The affidavit does not identify Ms. Dutcher or Ms. Borgerson as the members turned away by the BMV; indeed, the affidavit does not identify any members by name at all.

As set forth in Defendants' motion to dismiss, Ohioans seeking credentials from the BMV must present proof of legal presence in this country. Doc. No. 15 at PageID 118–19. This requirement applies whether or not the applicant also wishes to register to vote. Defendants are therefore entitled to discovery to determine whether H.B. 54—as opposed to Ohio's credentialing regulations—has injured the members described in the Mullen affidavit, and if so, how. Defendants therefore request written discovery to establish the following facts:

- The identities of the Red Wine & Blue members referred to in Paragraph 10 of the Mullen affidavit;

- The documents that the members referred to in Paragraph 10 neglected to bring to the BMV, *e.g.*, proof of address, proof of legal name, proof of date of birth, proof of social security number, or proof of citizenship;

- Whether the members referred to in Paragraph 10 possess or have access to the missing documents;

- Whether the members referred to in Paragraph 10 ultimately successfully applied for a credential; and

- Whether the members referred to in Paragraph 10 intended to update their voter registrations when they visited the BMV, and if they ultimately successfully applied for a credential, whether they updated their voter registration during the visit in which they successfully applied.

Defendants ask the Court to allow Defendants to propound no more than 10 interrogatories on Plaintiff Red Wine & Blue on the topics set forth above no later than three business days after the June 2 status conference. Defendants further propose that their opposition to the motion for preliminary injunction be due 21 days from their receipt of Plaintiffs' responses to the interrogatories and accompanying verification.

For the reasons set forth above, Defendants therefore request that this Court stay the preliminary-injunctions proceedings until it rules on Defendants' motion to dismiss. If the Court denies the motion to dismiss or declines to stay proceedings, Defendants request permission to serve no more than 10 interrogatories on Plaintiff Red Wine & Blue and to file their opposition to the motion for preliminary injunction 21 days from their receipt of Plaintiffs' responses.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/ Ann Yackshaw
ANN YACKSHAW (0090623)*
*Counsel of Record
STEPHEN P. TABATOWSKI (0099175)
GREGORY A. RUSTICO (0104103)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215

6

Tel: 614-466-2872 | Fax: 614-728-7592
Ann.Yackshaw@OhioAGO.gov
Stephen.Tabatowski@OhioAGO.gov
Gregory.Rustico@OhioAGO.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2026, the foregoing was filed with the Court.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance.  Parties may access this filing through the Court's system.

/s/ Ann Yackshaw
ANN YACKSHAW (0090623)
Assistant Attorney General