**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| RED WINE & BLUE, and OHIO ALLIANCE FOR RETIRED AMERICANS, <br><br> Plaintiffs, <br><br> v. <br><br> FRANK LAROSE, in his official capacity as Ohio Secretary of State, CHARLES L. NORMAN, in his official capacity as Ohio's Registrar of Motor Vehicles, <br><br> Defendants. | Case No.: 1:25-CV-01760 <br><br> Judge Solomon Oliver, Jr. <br><br> Mag. Judge James E. Grimes, Jr. |

**PLAINTIFFS' OPPOSITION TO MOTION TO STAY AND RESPONSE TO**
**DEFENDANTS' POSITION STATEMENT ON DISCOVERY**

Unless the Court enters a preliminary injunction, the documentary-proof-of-citizenship ("DPOC") requirement of House Bill 54 ("HB 54") threatens to deprive Ohioans of their ability to vote in this year's midterm election—a harm that can never be remedied.[1] The deadline to register for this year's general election is October 5. Thus, as the Court has recognized, this is a "time-sensitive proceeding." Order Denying Mot. to Intervene at PageID 307, ECF No. 27.

Defendants' motion for a stay should be denied. Defendants ask that the Court decline to even consider Plaintiffs' motion for a preliminary injunction until the motion to dismiss is decided, but there is no reason why the two motions cannot be considered simultaneously, an entirely

---

[1] Defendants claim that Plaintiffs seek to enjoin *the entirety* of HB 54, *i.e.*, all of Ohio's biannual Transportation Appropriations Bill. ECF No. 32 at PageID 1082. That is wrong. Plaintiffs' complaint and briefing make clear that they seek only to enjoin the small portion of HB 54 that imposes a DPOC requirement. *See* Compl. at PageID 30 (prayer for relief); ECF No. 29 (preliminary injunction motion).

common approach taken by federal courts in cases where a plaintiff seeks a preliminary injunction. Nor is there any merit to Defendants' request for discovery. They seek discovery purportedly to probe Plaintiffs' standing, but the only discovery they propose is to propound interrogatories directed at a single paragraph contained in one of the nineteen exhibits filed alongside Plaintiffs' motion for a preliminary injunction, *and Plaintiffs do not rely on that paragraph to establish their standing*. There is no basis to delay adjudication of Plaintiffs' motion for a preliminary injunction so that Defendants can draft, and Plaintiffs can respond to, interrogatories immaterial to that motion.

Finally, Plaintiffs respectfully submit that the parties' briefing obviates the need for the status conference scheduled for June 2. The purpose of that status conference is to allow the Court and the parties to discuss the potential need for discovery related to the preliminary injunction and to set a briefing schedule. When Defendants requested the status conference (without opposition from Plaintiffs), Defendants had not yet divulged why they sought discovery. Now Defendants have done so at length, and for the reasons set out herein, that discovery is wholly unnecessary, and the Court can deny the request on the papers. Similarly, the Court can set an appropriate briefing schedule without the need for a status conference. Plaintiffs propose that the Court order Defendants to file their response to the preliminary injunction motion 14 days after this filing or, at the latest, 14 days after the Court's disposition of the motion to stay. Because Plaintiffs' preliminary injunction motion was filed on April 28, either way, Defendants will have much longer to respond to the preliminary injunction motion than the standard period set out in the local rules, and longer than the date that Defendants previously requested of Plaintiffs (May 29), to which Plaintiffs earlier agreed.

2

**BACKGROUND**

Plaintiffs moved for a preliminary injunction on April 28, 2026. ECF No. 29. On April 30, counsel for Defendants emailed counsel for Plaintiffs regarding potential discovery and a briefing schedule for the preliminary injunction motion. *See* Ex. 1 at 4–5 (correspondence). Counsel for Defendants stated they sought depositions of a representative of both Plaintiff organizations—though they did not explain why they thought this discovery was necessary. *Id.* They also proposed a briefing schedule where Defendants would file their opposition by May 29 and Plaintiffs would file their reply on June 12. *Id.* As Defendants' counsel stated, "[t]his schedule leaves plenty of time for a decision before the registration deadline in October." *Id.* at 5. Plaintiffs agreed to the proposed briefing schedule but not to the request for discovery. *Id.* at 2. Plaintiffs explained they "do not believe discovery is necessary to respond to the arguments in the Motion for Preliminary Injunction" and that discovery "should not delay the pending Motion for Preliminary Injunction." *Id.* at 2. Defendants responded that they would request a status conference with the Court and asked for Plaintiffs' position; Plaintiffs did not oppose that request. *Id.* at 1.

On May 4, Defendants requested a status conference, stating the parties sought "the Court's assistance in establishing a schedule for the preliminary injunction proceedings." ECF No. 30. In that filing, Defendants did not indicate that they intended to move for a stay, which is inconsistent with requesting a "schedule" to govern the preliminary injunction motion. *Id.* On May 8, the Court granted the request for a status conference, scheduling it for June 2. ECF No. 31. Ahead of the conference, the Court ordered Defendants to "file a document with the court indicating the nature and extent of discovery it contemplates is necessary to respond to the Motion," and that "[t]hereafter, Plaintiffs shall file their response." *Id.*

Defendants responded to the Court's order on May 13. ECF No. 32. But rather than simply explaining what discovery Defendants believed they needed, Defendants also moved to stay any consideration of the motion for a preliminary injunction until the Court first decides Defendants' motion to dismiss. *Id.* at PageID 1082–85. In the alternative, if the Court denies the stay request, Defendants requested that they be permitted to propound up to ten interrogatories, *id.* at PageID 1087, the purpose of which (according to Defendants), would be to evaluate Plaintiffs' standing, *id.* at PageID 1085–87. Defendants identified five topics they would cover in the interrogatories. *Id.* at PageID 1086–87. Each of these five topics were directed at a single paragraph of one declaration that Plaintiffs submitted in support of their motion for a preliminary injunction. *See id.*; *see also* Ex. 1 to Pls.' Mot. for Preliminary Injunction, ¶ 10, ECF No. 29-2 ("Mullen Decl."). Plaintiffs cite that paragraph in support of only two sentences—both of which concern irreparable harm, not standing. *See* ECF No. 29-1 at PageID 375. Plaintiffs' standing is instead based on separate allegations contained in the complaint, and Plaintiffs have previously briefed at length, in their response to Defendants' motion to dismiss, why those allegations are sufficient to establish standing at the motion-to-dismiss stage. *See generally* ECF No. 25. If Defendants separately challenge Plaintiffs' standing in their opposition to the preliminary injunction motion, Plaintiffs will address those arguments in their reply brief.

## ARGUMENT

In light of the quickly upcoming election, time is of the essence. Unless the Court preliminarily enjoins HB 54's DPOC requirement meaningfully in advance of the October 5 voter registration deadline, that unlawful provision threatens to irreparably harm Ohioans who otherwise would have been able to vote in an important election. The Court therefore should reject Defendants' various proposals, each of which would needlessly delay preliminary relief and

threaten irreparable harm. Plaintiffs respectfully request that the Court deny the motion for a stay, deny the request for early discovery, and set a briefing schedule in lieu of proceeding with the status conference scheduled for June 2.

**I.      The motion to stay should be denied.**

Whether to grant a stay of proceedings "ordinarily rests within the sound discretion of the District Court." *Jackson v. Mowry*, No. 1:12-cv-3083, 2013 WL 526916, at *6 (N.D. Ohio Feb. 11, 2013) (quoting *Ohio Env't Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977)). But "a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Cybergenetics Corp. v. Inst. of Env't Sci. & Rsch.*, No. 5:19-cv-1197, 2020 WL 564217, at *2 (N.D. Ohio Jan. 27, 2020) (quoting *Ohio Env't Council*, 565 F.2d at 396). Relevant factors for consideration include: "(1) the need for a stay; (2) the stage of the litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court." *Id.* Ultimately, the party seeking a stay must demonstrate "both a need for delay and that 'neither the other party nor the public will suffer harm from entry of the order.'" *Id.* (quoting *Ohio Env't Council*, 565 F.2d at 396).

Under this framework, a stay is plainly unwarranted. Most importantly, Defendants cannot make their required showing that "neither the other part[ies] nor the public will suffer harm from entry of the [stay]." *Id.* To the contrary, the entire thrust of Plaintiffs' motion for a preliminary injunction is that, without quick action from the Court, the Plaintiffs and the public will suffer unlawful and *irreparable* harm. *See generally* ECF No. 29-1. As Plaintiffs explained in their motion, that irreparable harm is keyed to Ohio's October 5 voter registration deadline. *See id.* at PageID 373. Unless HB 54 is preliminarily enjoined, HB 54 will unlawfully result in prospective

voters being denied the opportunity to register to vote in conjunction with a trip to the BMV, as they are entitled to do under federal law. *Id.* at PageID 372–76. If the Court were to grant the stay, there is little chance that HB 54 will be enjoined sufficiently far in advance of the October 5 registration deadline to ensure that an unlawful barrier to voter registration does not result in voters missing their opportunity to participate in a crucial election.

Not only would a stay harm Plaintiffs and the public, Defendants also cannot make their required showing of a "need for delay." *Cybergenetics Corp.*, 2020 WL 564217, at *2. Although Defendants identify several proposed reasons why they believe a stay is appropriate, each of their asserted grounds is baseless. First, Defendants argue that a stay is necessary because the Court cannot enjoin HB 54 until the Court assures itself of its subject matter jurisdiction by adjudicating the motion to dismiss. ECF No. 32 at PageID 1085. But even accepting the argument that the Court should not *grant* the motion for a preliminary injunction before denying the motion to dismiss, *see Chrisman Mill Farms, LLC v. Blazer*, No. 5:17-11-DCR, 2017 WL 1416793, at *3 (E.D. Ky. Apr. 19, 2017), there is no reason why briefing on the preliminary injunction motion cannot proceed as the Court continues to consider the motion to dismiss. Indeed, it is entirely commonplace for motions to dismiss and motions for preliminary injunctions to be briefed and adjudicated simultaneously.[2]

Nor is there any merit to Defendants' argument that a stay is necessary to avoid expending "considerable time and money," ECF No. 32, at PageID 1084, via the "burden of discovery,

---

[2] *See, e.g.*, *BVG Properties, LLC v. City of Cleveland*, No. 1:25-cv-430, 2025 WL 2494514, at *1 (N.D. Ohio Aug. 29, 2025) (simultaneously deciding motion to dismiss and motion for preliminary injunction); *Vanderbilt Univ. v. NLRB*, 759 F. Supp. 3d 812, 820–21, 825 (M.D. Tenn. 2024) (same); *Changizi v. HHS*, 602 F. Supp. 3d 1031, 1038 (S.D. Ohio 2022) (same); *Smith v. DeWine*, 476 F. Supp. 3d 635, 642 (S.D. Ohio. 2020) (same); *Nashville Community Bail Fund v. Gentry*, 446 F. Supp. 3d 282, 286–87 (M.D. Tenn. 2020) (same).

briefing, and a hearing" on the preliminary injunction motion, *id.* at PageID 1083. The "burden" currently faced by Defendants is exceedingly small. All that Defendants are required to do at this time is to draft a response to Plaintiffs' motion (which under the local rules cannot exceed 15 pages), and attend a hearing on the motion if the Court decides one would be useful.[3] Further, as explained below, *no* discovery is necessary for Defendants to respond to the motion. *See infra* 9–13. But even if the Court were to permit some discovery (which it should not), all that Defendants have requested is to propound "no more than 10 interrogatories" on topics they have already identified, which Defendants represent they could accomplish within three business days. ECF No. 32 at PageID 1087. These run-of-the-mill litigation tasks hardly constitute a burden that demonstrates a "need for delay," *Cybergenetics Corp.*, 2020 WL 564217, at *2, particularly when compared to the harm faced by Plaintiffs and the public, *i.e.* the prospect of citizens being unlawfully denied the opportunity to vote.

Defendants' remaining arguments in support of a stay are also meritless. They contend that a stay is warranted because HB 54 is the "status quo" and is "afforded a strong presumption of constitutionality." ECF No. 32 at PageID 1084 (citation omitted). To the contrary, the upcoming election will be the first federal general election during which HB 54 is in effect, marking a significant change to Ohio's decades-long policy (required by federal law) of allowing individuals to register to vote at the BMV by making a sworn attestation of citizenship and without the need to produce DPOC. *See* ECF No. 29-1 at PageID 364; Compl. ¶¶ 47–48. Further, as Plaintiffs explained in their motion for a preliminary injunction, because HB 54 requires voter registration

---

[3] Plaintiffs have requested a hearing on the motion for a preliminary injunction and believe that a hearing would be helpful to the Court. However, Plaintiffs recognize whether to hold a hearing is in the Court's discretion, and their overriding priority is adjudication of their request for relief in advance of the 2026 registration deadline.

applicants to provide more than a sworn attestation of citizenship, the law's DPOC requirement is *presumptively* preempted by the NVRA. *See* ECF No. 29-1 at PageID 367–69. Granting a stay in this case would allow Ohio to indefinitely deny the opportunity to register to vote—threatening the permanent harm of not being able to vote in the upcoming election—based on a statute that is presumed unlawful.

Finally, the Court should reject Defendants' argument that a stay is warranted because of when the motion for a preliminary injunction was filed. Plaintiffs have moved with dispatch in this case. They sent Secretary LaRose written notice of Ohio's NVRA violation on May 23, 2025, more than a month *before* HB 54 went into effect. Compl. ¶¶ 15, 61. They then filed their complaint immediately upon the completion of the NVRA's required 90-day notice period in August 2025. *See* 52 U.S.C. § 20510(b); ECF No. 1. And Plaintiffs have never sought an extension in this case. It was *Defendants* who chose to file a motion to dismiss on September 18, 2025, shortly after the case was filed. Because they did so, the case did not proceed to discovery and the dispositive motion phase. *See* Fed. R. Civ. P. 26(d)(1); LR 26.1. At that time, the 2026 midterm elections were not imminent, and there was ample time for this case to proceed under an ordinary litigation timeline without preliminary relief. Indeed, had Plaintiffs filed their motion then, Defendants would have likely argued it was premature. That is no longer the case.

Now, the threat of irreparable harm looms as the October 5 registration deadline approaches. It was eminently reasonable for Plaintiffs to wait until it was clear that irreparable harm would follow absent preliminary injunctive relief before seeking such relief. *See Churchill Downs Tech. Initiatives Co. v. Mich. Gaming Control Bd.*, 767 F. Supp. 3d 556, 584 (W.D. Mich. 2025) (finding a plaintiff "did not unnecessarily delay its motion" by "wait[ing] until harm was

8

imminent and concrete, as is required for the Court to grant this injunctive relief"), *abrogated on other grounds*, *Fetch! Pet Care, Inc. v. Atomic Pawz Inc.*, 170 F.4th 546 (6th Cir. 2026).[4]

Nor is there any merit to Defendants' criticism that Plaintiffs delayed this case by failing to take various actions, such as seeking discovery or setting a discovery conference. *See* ECF No. 32 at PageID 1084. Their motion for a preliminary injunction contains ample legal and factual support showing their entitlement to a preliminary injunction. *See generally* ECF No. 29-1. And Defendants do not argue that the Court cannot consider and grant the relief that Plaintiffs seek in the time remaining before the election. To the contrary, counsel for Defendants themselves has recognized that there remains "plenty of time for a decision [on the preliminary injunction motion] before the registration deadline in October." Ex. 1 at 5.

## II.     The Court should deny Defendants' request for unnecessary discovery, which will needlessly delay this time-sensitive matter.

In addition to denying the motion for a stay, the Court should also deny Defendants' request to propound interrogatories. Discovery is typically prohibited until the parties hold a discovery conference with the Court, which has not yet occurred, *see* Fed. R. Civ. P. 26(d)(1); LR 26.1, and Defendants do not provide good cause to justify departing from that standard case management schedule.

Defendants' sole argument that discovery is necessary is based on their inaccurate claim that Plaintiffs have abandoned their theory of standing that is reflected in the allegations in the

---

[4] In any event, there is no standalone "delay" exception to preliminary injunctive relief. Rather, delay in seeking relief is just one factor in assessing whether the movant faces irreparable harm. *See, e.g.*, *Huron Mountain Club v. U.S. Army Corps of Eng'rs*, 545 F. App'x 390, 397 (6th Cir. Oct. 20, 2013) ("[A]n unreasonable delay in filing for injunctive relief will weigh against a finding of irreparable harm."). But the irreparable harm Plaintiffs face here is straightforward and unassailable: as explained in Plaintiffs' motion, "[a] restriction on the fundamental right to vote . . . constitutes irreparable injury," *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012), for "there can be no 'do-over' or redress of a denial of the right to vote after an election," *Fish v. Kobach*, 840 F.3d 710, 752 (10th Cir. 2016).

complaint and argued by Plaintiffs in their opposition to the motion to dismiss, and that Plaintiffs now rely instead on allegations contained within a single paragraph of one of the declarations filed alongside Plaintiffs' preliminary injunction motion. *See* ECF No. 32, at PageID 1085–86. Specifically, Defendants assert that Plaintiffs base their standing on Paragraph 10 of the Mullen Declaration, which generally speaks about how some members of Red Wine & Blue have been turned away at the BMV for failure to bring appropriate documents, including documents that prove their legal name or that link their legal name to citizenship documents reflecting a prior name.

Defendants' argument is baseless. At the preliminary injunction stage, the question is whether Plaintiffs can show "a substantial likelihood of standing." *Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378, 386 (6th Cir. 2020) (internal quotations and citations omitted). Here, as Plaintiffs have alleged in the complaint, Plaintiffs have standing because their members have suffered an Article III injury. For example, Plaintiffs argued at length in their opposition to the motion to dismiss that two identified members of Red Wine & Blue have standing under well-established precedent because HB 54 requires them to take an action they do not want to do: to locate and produce DPOC. *See generally* ECF No. 25. It is those Article III injuries that Plaintiffs rely on to establish their standing—or, alternatively, direct organizational injury to both Plaintiffs, *see* ECF No. 25 at PageID 256–58—not the statement in Paragraph 10 of the Mullen Declaration relating to the general but unremarkable (and indisputable) fact that people are turned away from the BMV when they fail to bring required documents. Plaintiffs cited that paragraph in the section of their preliminary injunction motion relating to *irreparable harm*, not *standing*. *See* ECF No. 29-1, at PageID 375.

Indeed, under the precedent detailed in Plaintiffs' opposition to the motion dismiss, a person need not be personally turned away at the BMV to have standing. Consequently, Defendants' stated reason for seeking discovery regarding that paragraph is entirely unnecessary, and granting their request will result only in pointless delay.

Finally, even if the single paragraph on which Defendants fixate had some meaningful relevance to Plaintiffs' standing (it does not), Defendants still fail to show they are entitled to early—or "expedited"— discovery before the parties conduct a Rule 26(f) conference. "Courts in the Sixth Circuit require a party to show good cause before granting an expedited discovery request." *Barrette Outdoor Living, Inc. v. Does 1-20*, No. 1:16-cv-914, 2016 WL 1588672, at *2 (N.D. Ohio Apr. 20, 2016). To determine whether good cause exists, "courts consider whether the 'need for expedited discovery . . . outweighs the prejudice to the responding party.'" *Id.* (citation omitted). Factors considered in evaluating good cause include: "(1) the danger that the information sought will be lost or destroyed, (2) whether the discovery would substantially contribute to moving the case forward, and (3) the scope of the information sought." *Id.* To be sure, courts have found that the filing of a preliminary injunction motion can warrant expedited discovery, *see, e.g.*, *Radio Sys. Corp. v. Sunbeam Prods., Inc.*, No. 3:12-cv-648, 2013 WL 416295, at *2 (E.D. Tenn. Jan. 30, 2013), but a "pending [preliminary injunction] motion does not constitute *per se* good cause," *SB Initiative, Inc. v. Cheekwood Botanical Garden & Museum of Art*, 3:24-cv-821, 2024 WL 7001973, at *2 (M.D. Tenn. Sep. 18, 2024) (citation omitted).

Each of these factors cuts against allowing early discovery here. For one, Defendants do not argue that discovery is necessary because otherwise evidence will be "lost or destroyed." *Barrette Outdoor Living*, 2016 WL 1588672, at *2. Nor would the discovery they seek "substantially contribute to moving the case forward," *id.*, because it is superfluous to Plaintiffs'

11

theory of standing, *see SB Initiative*, 2024 WL 7001973, at *3 n.2 (observing "expedited discovery is not very ordinary, but rather special relief—and . . . that special relief generally should be denied where, as here, it would not serve its purpose"). As Plaintiffs explained, Red Wine & Blue, for example, has standing because it has identified two members who individually have standing to challenge HB 54 because that law requires them to produce documents in order to register to vote at the BMV, which they do not wish to do. *See generally* ECF No. 25; Compl. ¶¶ 29–30. If the Court agrees with that conclusion and denies Defendants' motion to dismiss on that basis, then the Court's subject matter jurisdiction is assured.[5] Even if Plaintiffs could *also* demonstrate standing based on the information in Paragraph 10 of the Mullen Declaration, that does not move the needle in either direction. Likewise, the limited scope of Defendants' proposed interrogatories is irrelevant because they do not require *any* information on the proposed topics.

Ultimately, whether good cause exists depends on "whether the 'need for expedited discovery . . . outweighs the prejudice to the responding party.'" *Barrette Outdoor Living*, 2016 WL 1588672, at *2 (citation omitted). Here, whatever marginal benefit Defendants might obtain from the expedited discovery they seek cannot compare to the significant risk of prejudice to Plaintiffs, their members, and the public, where Defendants request would unduly (and unnecessarily) delay adjudication of Plaintiffs' motion for a preliminary injunction, threatening the very irreparable harm that Plaintiffs sought to avoid by bringing that motion.

---

[5] Of course, the complaint only *alleges* that the two identified members needed to locate and produce documents to register to vote at the BMV after moving to Ohio from out of state, and that they do not wish to do so. Plaintiffs, however, do not expect Defendants to challenge those alleged facts; it is indisputable that individuals who wish to apply for a driver's license and simultaneously register to vote would not be allowed to do so if they failed to locate and produce DPOC at the BMV (including documents linking their legal name to their citizenship documents). In any event, Defendants' filing does not request discovery concerning these facts.

In sum, the Court should deny the request for early discovery to avoid increasing the risk of irreparable harm as the October 5 voter registration deadline approaches.

**III.     The status conference scheduled for June 2 is no longer necessary.**

Plaintiffs respectfully submit that the purposes for which the June 2 status conference was set have been overtaken by events, and the conference is no longer necessary. Now that Defendants have stated why they seek discovery and Plaintiffs have explained why that discovery is unnecessary, the Court may decide that dispute on the papers. As for a briefing schedule, Defendants originally asked Plaintiffs to agree that their response to the preliminary injunction motion should be due by May 29. Plaintiffs agreed to that deadline at the time. In the event that the Court denies the motion to stay, Plaintiffs would defer to the Court's judgment, but propose that Defendants should file their response to the preliminary injunction motion 14 days after this filing or, at the latest, 14 days after denying the motion to stay, either of which will allow them an even later deadline than the one they previously requested. Proceeding in this manner will expedite the litigation and ensure sufficient time for the Court to adjudicate the preliminary injunction motion well ahead of Ohio's October 5 deadline for voter registration.

**CONCLUSION**

For the foregoing reasons, the Court should deny the motion to stay, deny Defendants' request for discovery, and cancel the status conference set for June 2. Further, the Court should order Defendants to file their response to the preliminary injunction motion 14 days from the date of this filing or, at the latest, 14 days after the Court denies the motion to stay.

13

Respectfully submitted,

*Stacey N. Hauff*
J. Corey Colombo (0072398)
Stacey N. Hauff (0097752)
MCTIGUE & COLOMBO, LLC
545 East Town Street
Columbus, OH 43215
Tel: (614) 263-7000
ccolombo@electionlawgroup.com
shauff@electionlawgroup.com

Ben Stafford*
ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Tel: (206) 656-0176
bstafford@elias.law

Joshua Abbuhl*
Qizhou Ge*
ELIAS LAW GROUP LLP
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
Tel: (202) 968-4652
jabbuhl@elias.law
age@elias.law

*Attorneys for Plaintiffs*
*\* Admitted pro hac vice*

14

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2026, the foregoing was filed electronically with the Clerk of the Court using the Court's electronic case filing system, which will serve such filing on all counsel of record.

*/s/ Stacey N. Hauff*
Stacey N. Hauff

**CERTIFICATE OF COMPLIANCE**

Pursuant to Northern District of Ohio Local Civil Rule 7.1(f), I hereby certify that this case has not been assigned to a track. This memorandum complies with the relevant page limitation.

*/s/ Stacey N. Hauff*
Stacey N. Hauff