**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RED WINE & BLUE and OHIO ALLIANCE FOR RETIRED AMERICANS, <br><br> *Plaintiffs*, <br><br> v. <br><br> FRANK LAROSE, in his official capacity as Ohio Secretary of State, CHARLES L. NORMAN, in his official capacity as Ohio's Registrar of Motor Vehicles, <br><br> *Defendants*. | Case No: 1:25-cv-01760 |

**UNOPPOSED MOTION BY THE REPUBLICAN NATIONAL COMMITTEE
FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PRELIMINARY INJUNCTION MOTION**

The Republican National Committee respectfully moves for leave to file an amicus curiae brief in support of the State Defendants' opposition to the Plaintiffs' preliminary injunction motion. The State Defendants consent to the motion. Plaintiffs take no position on the motion.

"The Federal Rules of Civil Procedure do not address motions for leave to appear as amicus curiae in a federal district court. Rather, the decision to allow an appearance as an amicus falls under the district court's inherent authority." *Bounty Mins. v. Chesapeake Expl.*, No. 5:17-cv-1695, 2019 WL 7048981, at *10 (N.D. Ohio Dec. 23, 2019). This Court considers "a variety of factors." *Id.* But the focus is generally on "'the usefulness of the brief and the timeliness of the brief.'" *Id.* Courts also frequently look to Federal Rule of Appellate Procedure 29 for guidance, which requires amici to state "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3).

**The RNC has distinct interests in this case**. Plaintiffs in this case move to enjoin Ohio's voter-registration practices in advance of the November midterm elections. Those practices help

1

ensure security and confidence in Ohio's elections. And they make it easy for Ohioans to register to vote. The RNC has strong interests in ensuring that those practices remain effective and clear for Ohio voters in the upcoming elections. As the Supreme Court recently explained, "[a]n unfair and inaccurate election plainly affects those who compete for the support of the people." *Bost v. Ill. State Bd. of Elections*, 607 U.S. 71, 78 (2026). The RNC and the candidates it represents have strong interests in rules that ensure the fairness and accuracy of Ohio's elections.

When the RNC moved to intervene in this case, this Court found that did not have "a substantial legal interest" warranting party participation. Doc. 27 at 13. But even if an "interest is not substantial enough to warrant intervention," it can be "enough to authorize the [party] to file amicus briefs." *Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 2006 WL 980726, at *1 (D. Idaho Apr. 7, 2006). Indeed, in opposing the RNC's intervention, Plaintiffs offered that the RNC "can seek leave to file an amicus brief" instead. Doc. 23 at 13. Intervening Supreme Court precedent should resolve any doubt that the RNC is not a "mere bystander[]" in elections. *Bost*, 607 U.S. at 78. At a minimum, the RNC represents candidates who indisputably have "standing to challenge the rules" affecting their elections. *Id.* at 83.

**The RNC's motion is timely**. The Court recently expedited briefing on Plaintiffs' preliminary injunction motion. Doc. 34. The RNC files this motion one day after Defendants' response is due to avoid duplicative briefing and ensure the attached brief is as helpful as possible to the Court. The motion also comes before the weekend, well in advance of Plaintiffs' June 11 reply deadline, to give them a chance to respond. The motion is thus timely.

**The attached brief is useful**. While the State's brief focuses on Plaintiffs' standing and factual issues, the RNC's brief focuses on proper interpretation of the NVRA and issues unique to election law. Of particular interest is the *Purcell* principle, which the Supreme Court applied earlier this week to stay a district court's preliminary injunction. *Allen v. Milligan*, No. 25A1314, at 3-4 (June 2, 2026) (slip

op.). The RNC has significant experience litigating both the *Purcell* principle and the NVRA, including in recent cases at the Supreme Court. *See, e.g.*, *RNC v. Mi Familia Vota*, 145 S. Ct. 108 (2024); *RNC v. DNC*, 589 U.S. 423 (2020). The attached brief applies that experience and will be useful to the Court.

*    *    *

For these reasons, the RNC respectfully requests that the Court grant the motion for leave to file and consider the attached amicus brief.

Dated: June 5, 2026

Respectfully submitted,

*/s/ Thomas R. McCarthy*

Thomas R. McCarthy\*
Gilbert C. Dickey\*
Conor D. Woodfin\*
William Bock IV\*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
gilbert@consovoymccarthy.com
conor@consovoymccarthy.com
wbock@consovoymccarthy.com

\*Practicing *pro hac vice*
*Counsel for Proposed Intervenor-Defendant*
*The Republican National Committee*

**CERTIFICATE OF CONFERRAL**

Counsel for the RNC certifies that on May 6, 2026, Counsel for the RNC conferred with Counsel for Plaintiffs and Counsel for Defendants concerning this Motion to for Leave to File. Counsel for Plaintiffs represents that Plaintiffs take no position on the motion. Counsel for Defendants represents that Defendants consent to the Motion.

*/s/ Thomas R. McCarthy*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 5, 2026, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will also send a notice of electronic filing to all counsel of record.

*/s/ Thomas R. McCarthy*

4