UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RED WINE & BLUE, *et al.*, | ) | Case No.: 1:25 CV 1760 |
| | ) | |
| Plaintiffs | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| FRANK LAROSE, in his official capacity | ) | |
| as Ohio Secretary of State, *et al.*, | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Honest Elections Project's ("HEP") Motion for Leave to File Amicus Brief in Support of Defendants Frank LaRose and Charles L. Norman ("HEP Motion") (ECF No. 38), and the Republican National Committee's ("RNC") Motion for Leave to File Amicus Brief in Support of Defendants ("RNC Motion") (ECF No. 39). For the following reasons, the court grants both Motions.

## I. BACKGROUND

This case concerns a 2025 amendment to Ohio's "motor voter" laws. Red Wine & Blue and Ohio Alliance for Retired Americans (collectively, "Plaintiffs") are non-partisan civic engagement organizations. (Compl. ¶ 12, ECF No. 1.) On August 22, 2025, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief (ECF No. 1) against Defendants Frank LaRose, in his official capacity as Ohio Secretary of State, and Charles L. Norman, in his official capacity as Ohio's

Registrar of Motor Vehicles (collectively, "Defendants"). Plaintiffs claim that the recently enacted proof-of-citizenship requirement in Ohio House Bill 54 ("HB 54") imposes an unnecessary obstacle to register to vote at Ohio's Bureau of Motor Vehicles offices ("BMV") in violation of the National Voter Registration Act ("NVRA"), and is impermissibly vague in violation of the First and Fourteenth Amendments. (*Id.* at ¶ 11.)

On April 28, 2026, Plaintiffs filed a Motion for Preliminary Injunction (ECF No. 29), asking the court to preliminarily enjoin enforcement of the documentary proof-of-citizenship requirement of HB 54. Defendants, who have a Motion to Dismiss currently pending (*see* ECF No. 15), moved to stay any preliminary injunction proceedings on May 13, 2026. (ECF No. 32.) Plaintiffs opposed the stay on May 22, 2026 (ECF No. 33.) On May 27, 2026, the court denied Defendants' motion to stay and set forth an expedited briefing and hearing schedule on Plaintiff's Preliminary Injunction Motion. (Order, ECF No. 34.)

Consistent with the court's expedited briefing schedule, Defendants filed their Opposition to Plaintiffs' Motion for Preliminary Injunction (ECF No. 25) on June 4, 2026. That same day, Honest Elections Project filed a Motion for Leave to File Brief of Amicus Curiae (ECF No. 38). The following day, June 5, 2026, the Republican National Committee filed a Motion for Leave to File Amicus Brief (ECF No. 39). A hearing on Plaintiffs' Motion for Preliminary Injunction is scheduled for June 25, 2026.

## II. DISCUSSION

Federal district courts may grant leave to file an amicus brief under their inherent authority "where the filing may provide a unique perspective that assists the district court in resolving the pending dispute." *League of Women Voters of Ohio v. LaRose*, 741 F. Supp. 3d 694, 725 (N.D. Ohio

2024). In deciding whether to grant leave, "courts have considered a variety of factors, including whether the parties are adequately represented, whether the proposed amici have a cognizable direct interest in the outcome of the case, and whether the proposed amici would address matters or advance arguments different from those raised by the parties." *Id.* (internal quotations omitted) (quoting *Bounty Mins., LLC v. Chesapeake Expl., LLC*, No. 5:17CV1695, 2019 WL 7048981, *10 (N.D. Ohio Dec. 23, 2019)). Ultimately, district courts consider the usefulness and timeliness of the proposed brief. *Id.*[1]

Here, HEP and the RNC filed their respective motions for leave, with proposed briefs attached, before the parties' briefing schedule concluded. Thus, the Motions are timely and do not upset the court's schedule regarding its consideration of Plaintiffs' Preliminary Injunction Motion. Furthermore, the proposed briefs are not so voluminous as to bog down the record upon which the court decides whether a preliminary injunction should issue. Lastly, the proposed amici address arguments different from those raised in Defendants' Opposition Brief and Plaintiffs' Motion. For example, the RNC raises the *Purcell* principle, as a basis for why the court should not enjoin the proof-of-citizenship provision enacted by HB 54. (RNC Motion at PageID 1454.) HEP also expands

---

[1]    A review of recent election law cases in this Circuit reveals that district courts commonly grant motions for leave to file amicus briefs. *See Republican Nat'l Comm. v. Benson*, 754 F. Supp. 3d 773 (W.D. Mich. 2024), *aff'd*, No. 24-1985, 2025 WL 2731704 (6th Cir. Sept. 25, 2025) (accepting amicus brief from Democratic National Committee in considering motion to dismiss complaint alleging violation of section 8 of the NVRA); *League of Women Voters of Ohio v. LaRose*, 741 F. Supp. 3d 694, 725 (N.D. Ohio 2024) (accepting amicus brief in considering cross-motions for summary judgment in Voting Rights Act preemption case); *League of Women Voters of Ohio v. LaRose*, No. 2:20-CV-1638, 2020 WL 6115006 (S.D. Ohio Apr. 3, 2020) (accepting amicus briefs from HEP and Disability Rights Ohio in considering motion for temporary restraining order and preliminary injunction for alleged violation of the NVRA).

upon what weight the court should afford the Tenth Circuit's decision in *Fish v. Kobach*, 840 F.3d 710 (10th Cir. 2016), a case where a proof-of-citizenship voter registration requirement was considered in the context of the same NVRA provision involved here. (HEP Motion at PageID 1441–45.) Accordingly, it appears the proposed amicus briefs are timely and useful. Therefore, the court grants the Motions for Leave (ECF Nos. 38, 39). This ruling extends to briefing only, and not to participation in the hearing before the court on the Preliminary Injunction Motion.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

June 5, 2026