UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RED WINE & BLUE, *et al.*, | ) | Case No.: 1:25 CV 1760 |
| | ) | |
| Plaintiffs | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| FRANK LAROSE, in his official capacity | ) | |
| as Ohio Secretary of State, *et al.*, | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is America First Policy Institute's ("AFPI") Motion for Leave to File Amicus Brief in Support of Defendants' Opposition to Preliminary Injunction Motion ("AFPI Motion") (ECF No. 48), and the United States of America's ("United States") Unopposed Motion for Leave to File a Statement of Interest ("U.S. Motion") (ECF No. 50). For the following reasons, the court denies both Motions.

**I. BACKGROUND**

This case concerns a 2025 amendment to Ohio's "motor voter" laws. Red Wine & Blue and Ohio Alliance for Retired Americans (collectively, "Plaintiffs") are non-partisan civic engagement organizations. (Compl. ¶ 12, ECF No. 1.) On August 22, 2025, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief (ECF No. 1) against Defendants Frank LaRose, in his official capacity as Ohio Secretary of State, and Charles L. Norman, in his official capacity as Ohio's Registrar of Motor Vehicles (collectively, "Defendants"). Plaintiffs claim that the recently enacted

proof-of-citizenship requirement in Ohio House Bill 54 ("HB 54") imposes an unnecessary obstacle to register to vote at Ohio's Bureau of Motor Vehicles offices ("BMV") in violation of the National Voter Registration Act ("NVRA"), and is impermissibly vague in violation of the First and Fourteenth Amendments. (*Id.* at ¶ 11.)

On April 28, 2026, Plaintiffs filed a Motion for Preliminary Injunction (ECF No. 29), asking the court to preliminarily enjoin enforcement of the documentary proof-of-citizenship requirement of HB 54. Defendants, who have a Motion to Dismiss currently pending (*see* ECF No. 15), moved to stay any preliminary injunction proceedings on May 13, 2026. (ECF No. 32.) Plaintiffs opposed the stay on May 22, 2026 (ECF No. 33.) On May 27, 2026, the court denied Defendants' motion to stay and set forth an expedited briefing and hearing schedule on Plaintiff's Preliminary Injunction Motion. (Order, ECF No. 34.)

Consistent with the court's expedited briefing schedule, Defendants filed their Opposition to Plaintiffs' Motion for Preliminary Injunction (ECF No. 25) on June 4, 2026. That same day, Honest Elections Project filed a Motion for Leave to File Brief of Amicus Curiae (ECF No. 38). The following day, June 5, 2026, the Republican National Committee filed a Motion for Leave to File Amicus Brief (ECF No. 39). The court granted the HEP and RNC Motions on June 5, 2026 (Order, ECF No. 42). The following week, on June 11, 2026, Plaintiffs filed their Reply in Support of their Preliminary Injunction Motion (ECF No. 49). Also on June 11, AFPI and the United States filed the Motions considered herein. (ECF Nos. 48, 50.) A hearing on Plaintiffs' Motion for Preliminary Injunction is scheduled for June 25, 2026.

## II. DISCUSSION

Federal district courts may grant leave to file an amicus brief under their inherent authority

"where the filing may provide a unique perspective that assists the district court in resolving the pending dispute." *League of Women Voters of Ohio v. LaRose*, 741 F. Supp. 3d 694, 725 (N.D. Ohio 2024). In deciding whether to grant leave, "courts have considered a variety of factors, including whether the parties are adequately represented, whether the proposed amici have a cognizable direct interest in the outcome of the case, and whether the proposed amici would address matters or advance arguments different from those raised by the parties." *Id.* (internal quotations omitted) (quoting *Bounty Mins., LLC v. Chesapeake Expl., LLC*, No. 5:17CV1695, 2019 WL 7048981, *10 (N.D. Ohio Dec. 23, 2019)). Ultimately, district courts consider the usefulness and timeliness of the proposed brief. *Id.*

Upon review of AFPI's proposed brief and the United States's proposed statement of interest, the court finds that the filings largely reiterate the arguments already presented by the Defendants and the previously accepted amicus briefs. Indeed, much of AFPI's brief raises the same contentions as HEP's with regard to what weight the court should afford the Tenth Circuit's decision in *Fish v. Kobach*, 840 F.3d 710 (10th Cir. 2016) in evaluating Plaintiffs' likelihood of success on the merits. Moreover, AFPI and HEP raise similar interests in this litigation as both organizations advocate around election integrity issues. (*Compare* AFPI Motion at PageID 1504 *with* HEP Motion at PageID 1431.) Accordingly, the court has adequate briefing through the Defendants' and HEP's arguments alone on the issues AFPI raises.

With regard to the United States's proposed statement of interest, the court likewise finds its discussion of *Fish v. Kobach* and *Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1 (2013), is already represented by the existing parties and amici. Additionally, the United States's discussion of the Tenth Amendment and Ohio's right to establish eligibility and documentary requirements for

-3-

driver's licenses and identification cards (*see* U.S. Motion at PageID 1562–63), is disconnected from the claims Plaintiffs assert. Plaintiffs do not challenge Ohio's driver's license and state identification laws. Rather, they take issue with Ohio's motor voter law and whether as amended by HB 54, it violates section five of the NVRA. Thus, the United States's proposed statement is of limited utility to the court.

Finally, the Motions considered herein were filed the same day the court's expedited briefing scheduled ended. While the court allowed some limited latitude when it granted HEP's and the RNC's motions for leave to file amicus briefs, it did so because there was still approximately three weeks until the preliminary injunction hearing and Plaintiffs had not yet filed their Reply. That is not the case with the instant Motions. As such, the court does not find the Motions timely.

### III. CONCLUSION

For the foregoing reasons, the court denies America First Policy Institute's Motion for Leave to File Amicus Brief (ECF No. 48), and the United States's Motion for Leave to file a Statement of Interest (ECF No. 50).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

June 16, 2026