**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RED WINE & BLUE, and OHIO ALLIANCE FOR RETIRED AMERICANS,** | : | |
| **Plaintiffs,** | : | **Case No. 1:25-cv-01760** |
| **v.** | : | **Judge Solomon Oliver, Jr.** |
| | : | **Mag. Judge James E. Grimes, Jr.** |
| **FRANK LAROSE, in his official capacity as Ohio Secretary of State; and CHARLES L. NORMAN, in his official capacity as Ohio's Registrar of Motor Vehicles,** | : | |
| **Defendants.** | : | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PENDING APPEAL

The Plaintiff associations' response confirms that, though plaintiffs may *object* to the 2025 House Bill 54 on principle, they were never injured by it. So this case is not about that law or any alleged citizenship requirement at all. That confirms why the court should stay its order, if not in full, for at least this fall, leaving resolution for after the remaining weeks of pre-election registration.

***Not a "citizenship" case.*** This case has nothing to do with 2025's House Bill 54 or any alleged citizenship requirement. The associations' case has mutated such that the sole issue is determining when a driver's license application is "submitted." Indeed, the Plaintiff associations want the BMV to "offer a paper voter registration form to anyone who arrives at the BMV to apply for a driver's license but fails to bring *every document* needed to successfully obtain a driver's

license." Resp. at 10. So their only concern is with missing *other* documents—those related to obtaining a driver's license—that have nothing to do with citizenship. The associations' "moving target of confusingly articulated theories" reveals why the associations lack standing and their claims are moot. *Direct Constr. Servs., LLC v. City of Detroit*, 820 F. App'x 417, 426 (6th Cir. 2020) (quotation omitted).

***Standing/Mootness***. The associations' newly clarified attack solely on Ohio's *longstanding* law and practice, not the 2025 amendment, confirms the lack of standing. Standing requires "a concrete, particularized injury fairly traceable to the defendants' conduct in enforcing the *specific statutory provision* they attack." *California v. Texas*, 593 U.S. 659, 680 (2021) (emphasis added). The identified members, Dutcher and Fazio, were not turned away for lacking citizenship documents, but for lacking other documentation. They would have faced the same issue in 2010 or 2020.

Nor can Plaintiffs pivot to challenging pre-2025 law and practice. Courts cannot issue a preliminary injunction for a claim not presented in a complaint. *See Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir. 2010). The complaint said only that "HB 54's *proof-of-citizenship requirement* violates Section 5 of the NVRA." Compl. ¶110 (emphasis added). It also cited the NVRA's "minimum information" requirement of Section 5(c)—but the argument over when an application is "submitted" is solely a Section 5(a) issue.

Even if standing remains, any Plaintiffs' request for preliminary relief is certainly moot, and the case may be as well. There is a difference "between mootness as to a preliminary-injunction appeal and mootness as to the case as a whole." *Brown v. Yost*, 122 F.4th 597, 601 (6th Cir. 2024) (*per curiam*) (quotation omitted). Both named members have successfully registered to vote, mooting the associations' request for preliminary relief. And, unless they substitute a

member who has yet to register to vote, the entire case is moot. *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 559 (6th Cir. 2021).

Nor does this case involve the election-specific exception for capable-of-repetition-yet-evading-review, because mootness came from the registrations, not an election. The case can be reviewed post-election just the same. The Sixth Circuit routinely stays orders based on standing and mootness problems, so this Court should do so. *See R.K. by and through J.K. v. Lee*, 53 F.4th 995, 1002 (6th Cir. 2022) (vacating injunction on standing and mootness grounds).

***Harms***. Plaintiffs dismiss the burden on the BMV as minimal, saying that clerks can simply point to paper forms. The BMV appreciates that this newly clarified approach lessens the BMV's burdens—but it does not eliminate them. The BMV's registrars are independent contractors with thousands of employees, trained to tightly follow a standardized process. Retraining them to do something different is not just flipping a switch. Moreover, that type of rationale is harmful in light of the lack of jurisdiction and legal basis. What if courts ordered the BMV to offer to *all* customers, even those registering cars, not getting licenses? Or ordered all highway-patrol troopers to end pull-over interactions with a reminder to vote? Those might seem "harmless," but are burdensome and cause another unique burden in turn: inviting more litigation by groups with policy goals but no concrete harm.

That contrasts with the *lack* of burden the other way. Voter registration is easy, including taking a paper form at the BMV on one's own initiative. Not being nudged enough by the BMV is not a harm, let alone a constitutional one.

***Purcell/timing***. The associations further say *Purcell* does not apply because defendants "have never before raised *Purcell*." Resp. at 12. But of course defendants did not need to raise *Purcell months ago* during initial briefing. The *Purcell* problem turns on the timing of a *court's*

order. *Purcell* "instructs federal courts not to disrupt state election rules close to an election." *Tn. Conf. of NAACP v. Lee*, 105 F.4th 888, 890 (6th Cir. 2024) (*per curiam*) (citing *Purcell v. Gonzalez*, 549 U.S. 1, 4–5 (2006) (*per curiam*)). The question is whether "the district court issued its injunction" before "the looming … registration deadline." *Id.* The answer here is "yes," as explained in Defendants' stay motion.

For these reasons, the Court should stay the preliminary injunction pending appeal.

Respectfully submitted,

D. ANDREW WILSON
Ohio Attorney General

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)*
**Counsel of Record*
JULIE M. PFEIFFER (0069792)*
STEPHEN P. TABATOWSKI (0099175)
GREGORY A. RUSTICO (0104103)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Ann.Yackshaw@OhioAGO.gov
Julie.Pfeiffer@OhioAGO.gov
Stephen.Tabatowski@OhioAGO.gov
Gregory.Rustico@OhioAGO.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2026 the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

*/s/Ann Yackshaw*
ANN YACKSHAW (0090623)
Assistant Attorney General