UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RED WINE & BLUE, *et al.*, | ) | Case No.: 1:25 CV 1760 |
| | ) | |
| Plaintiffs | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| FRANK LAROSE, in his official capacity as Ohio Secretary of State, *et al.*, | ) | |
| | ) | |
| Defendants | ) | ORDER |

Currently pending before the court in the above-captioned case is Defendants Ohio Secretary of State Frank LaRose and Charles L. Norman's Combined Motion to Dismiss and Partial Motion for Judgment on the Pleadings ("Motion") (ECF No. 15). For the following reasons, the court denies the Motion without prejudice.

This case is about Ohio's process for offering voter registration applications in conjunction with driver's license applications at the Bureau of Motor Vehicles ("BMV"). The National Voter Registration Act ("NVRA" or the "Act") "requires States to provide simplified systems for registering to vote in federal elections[.]" *Young v. Fordice*, 520 U.S. 273, 275 (1997) (emphasis omitted). *See also Ass'n of Cmty. Orgs. for Reform Now v. Miller*, 129 F.3d 833 (6th Cir. 1997) (explaining that Congress passed the NVRA "in an attempt to reinforce the right of qualified citizens to vote by reducing the restrictive nature of voter registration requirements"). One of these "simplified systems" is by application to vote made simultaneously with a state driver's license

application. Section 5 of the NVRA governs this registration system. The provision's general command is that:

> Each State motor vehicle driver's license application (including any renewal application) submitted to the appropriate State motor vehicle authority under State law shall serve as an application for voter registration with respect to elections for Federal office unless the applicant fails to sign the voter registration application.

52 U.S.C. § 20504(a)(1). States have some flexibility in how they implement this provision of the NVRA, but the Act makes clear what the voter registration application portion of the driver's license application "may not require" and "may require," § 20504(c)(2)(A)–(B), as well as what it "shall include." § 20504(c)(2)(C)–(D). Most relevant here is subsection (B), which says in relevant part:

> The voter registration application portion of an application for a State motor vehicle driver's license…(B) may require only the minimum amount of information necessary to—(i) prevent duplicate voter registrations; and (ii) enable State election officials to assess the eligibility of the applicant and to administer voter registration and other parts of the election process.

§ 20504(c)(2)(B).

On August 22, 2025, Plaintiffs Red Wine & Blue ("RWB") and Ohio Alliance for Retired Americans (the "Alliance") (collectively, "Plaintiffs") filed a three-count Complaint for Declaratory and Injunctive Relief (ECF No. 1) against Defendants Frank LaRose, in his official capacity as Ohio Secretary of State, and Charles L. Norman, in his official capacity as Ohio's Registrar of Motor Vehicles (collectively, "Defendants"). Plaintiffs allege that Ohio Revised Code § 3503.11(A)(1), as amended by House Bill 54 ("H.B. 54"), conflicts with the NVRA because it requires people seeking to register to vote at the BMV in conjunction with their driver's license application or renewal to produce documentary proof of citizenship ("DPOC") before being offered a voter registration application. (Compl. ¶ 11.) Such a requirement, Plaintiffs contend,

violates the § 20504(c)(2)(B) of thevNVRA because it exceeds "the minimum amount of information necessary" to assess an applicant's eligibility to vote (Counts I and II). (*Id.*) Plaintiffs also assert that the Ohio law is impermissibly vague in violation of the First and Fourteenth Amendments (Count III). (*Id.*)

On September 18, 2025, Defendants filed their Answer (ECF No. 14), as well as the Combined Motion to Dismiss and Partial Motion for Judgment on the Pleadings (ECF No. 15) considered herein. In their Motion, Defendants first argued that Plaintiffs lack Article III standing, and therefore the court should dismiss the action for lack of subject matter jurisdiction. Second, Defendants argued that Plaintiffs' unconstitutional vagueness claim and claim under Section 8 of the NVRA fail as a matter of law, thereby entitling Defendants to judgment on the pleadings on part of Count II and all of Count III. Plaintiffs filed their Opposition (ECF No. 25) to the Motion on October 20, 2025, to which Defendants filed their Reply in Support (ECF No. 26) on November 3, 2025.

Then, on January 6, 2026, Defendants filed a Notice of Supplemental Authority regarding Senate Bill 293 ("S.B. 293"), which was signed into law on December 19, 2025. (Defs.' Not. of Supp. Auth., ECF No. 28.) S.B. 293 amended various parts of Title 35, including the definitions section. Relevant here is that S.B. 293 adds a definition of "proof of citizenship" to Ohio Revised Code § 3501.01. (*Id.* at PageID 309.) In their Notice, Defendants provided the full "proof of citizenship" definition being added to Title 35 and indicated that they had asked Plaintiffs whether they would voluntarily dismiss their vagueness claim (Count III) and 52 U.S.C. § 20507(b)(1) claim (Count II) when S.B. 293 becomes effective March 20, 2026. (*Id.* at PageID 310.) Plaintiffs did not state their position on the Notice. (*Id.*)

On April 28, 2026, Plaintiffs filed a Motion for Preliminary Injunction (ECF No. 29) as to Count I of their Complaint. Shortly after, on May 13, 2026, Defendants moved to stay any preliminary injunction proceedings until the court ruled on its Combined Motion to Dismiss. (*See* ECF No. 32.) Plaintiffs opposed the stay on May 22, 2026 (ECF No. 33), and on May 27, 2026, the court denied Defendants' motion to stay and set forth an expedited briefing and hearing schedule on Plaintiffs' Preliminary Injunction Motion. (Order, ECF No. 34.)

The court held a Preliminary Injunction Hearing on June 25, 2026. Two months later, on August 25, 2026, the court issued an Order granting Plaintiffs' Preliminary Injunction Motion (Order, ECF No. 57), and enjoining enforcement of Ohio Revised Code § 3503.11, as amended by H.B. 54. The following day, on August 26, 2026, Defendants filed in this court a Motion for Stay Pending Appeal (ECF No. 59). Plaintiffs filed an Opposition (ECF No. 60) to the Motion on September 3, 2026, and Defendants filed a Reply in Support of the Motion to Stay (ECF No. 61) on September 4, 2026.

On September 8, 2026, Defendants filed a Notice of Appeal to the Sixth Circuit (ECF No. 62.) The following day, on September 9, 2026, the court denied Defendants' Motion to Stay Pending Appeal (ECF No. 63), and ordered Defendants to comply with the Injunction Order forthwith. Following this court's Order denying a stay, Defendants filed an Emergency Motion to Stay Pending Appeal and Administrative Stay in the Sixth Circuit. On September 21, 2026, while Defendants' Emergency Motion to Stay was pending, the court ordered Defendants to file a Status Report by September 23, 2026, regarding their compliance with the Injunction Order (ECF No. 64). Defendants filed their Status Report confirming compliance on September 23, 2026 (ECF No. 65). Then, at 5:25 p.m. that same day, the Sixth Circuit entered an order granting Defendants'

Emergency Motion to Stay Pending Appeal. *Red Wine & Blue et al. v. Frank LaRose et al.*, No. 26-3813, Doc. 23 (6th Cir. Sep. 23, 2026).

As an initial matter, the court recognizes that "no final judgment on the merits results from the staying of a preliminary injunction on emergency review." *Serv. Emps. Int'l Union Loc. 1 v. Husted*, 531 F. App'x 755, 756 (6th Cir. 2013) (denying plaintiff-appellees request for vacatur of the Sixth Circuit stay of a preliminary injunction order). Likewise, "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits[.]" Furthermore, in this Circuit, "an appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits." *Zundel v. Holder*, 687 F.3d 271, 282 (6th Cir. 2012) (internal quotations omitted) (quoting *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1174 (6th Cir. 1995)). Accordingly, a trial court can adjudicate matters unrelated to the issues on appeal. *Weaver v. Univ. of Cincinnati*, 970 F.2d 1523, 1528–29 (6th Cir. 1992) (explaining that "an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue deciding other issues involved in the case.").

Here, the first part of Defendants' Motion deals with Article III standing. The court concluded in its Injunction Order that Plaintiffs made a clear showing through evidence that they were likely to establish each element of associational standing as to Count I. (Prelim. Inj. Order at PageID 1816–27, ECF No. 57.) Additionally, the court determined that Plaintiffs' claims were not moot even though RWB's members had since registered to vote in conjunction with their driver's license transactions at the Ohio BMV. (*Id.* at PageID 1827–29.)

Conversely, in a 2-1 decision, the Sixth Circuit found that Defendants were likely to succeed on their appeal of the Injunction Order because "Dutcher and Fazio's standing, and thus the Associations', appears lacking[,]" and the capable-of-repetition-yet-evading-review mootness

exception likely does not apply. *Red Wine & Blue et al. v. Frank LaRose et al.*, No. 26-3813, Doc. 23 at PageID 8–10. Because of this conclusion, the Circuit Court did not address the merits of the court's NVRA analysis before granting Defendants' Emergency Motion to Stay. *Id.* at PageID 7.

Given these conflicting preliminary decisions about Plaintiffs' standing, and in the interest of judicial economy, the court concludes that denying without prejudice Defendants' pre-Preliminary Injunction Motion to Dismiss for Lack of Subject Matter Jurisdiction is the appropriate way to proceed with the case.

Similarly, the court will deny without prejudice Defendants' pre-Preliminary Injunction Partial Motion for Judgment on the Pleadings. The court acknowledges that this part of Defendants' Motion concerned part of Count II and all of Count III, rather than Count I, which is what the court's Injunction Order addressed. Even so, the parties' briefing as to Plaintiffs' claim that H.B. 54's proof of citizenship requirement is unconstitutionally vague (Count III), may be stale given the enactment of Senate Bill 293. Senate Bill 293, which was signed and took effect after briefing on the instant Motion concluded, added a definition of "proof of citizenship" to Ohio Revised Code § 3501.01, Title 35's definitions section. (*See* Defs.' Notice of Suppl. Auth. at PageID 309, ECF No. 28.) Given this change in law, the court finds that a discussion with the parties about Count III would be useful before proceeding with the parties' existing arguments.

In light of the Sixth Circuit's stay of the Injunction Order and the pending appeal of the Injunction Order, the court sets a status conference with counsel for the parties for October 15, 2026, at 11:00 a.m. During the call, the parties should be prepared to discuss how the case should proceed while the Injunction Order is on appeal. Additionally, Defendants should confirm if they wish to reassert the Combined Motion to Dismiss and Partial Motion for Judgment on the Pleadings and whether further briefing is needed. Thus, for the foregoing reasons, the court denies

Defendants' Combined Motion to Dismiss and Partial Motion for Judgment on the Pleadings (ECF No. 15) without prejudice.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

September 25, 2026